## CARROLL D. RYDER, EXECUTOR, *vs.* G. FREDERICK LYON, TRUSTEE, ET ALS.

Third Judicial District, New Haven, January Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

The intent to create a trust may be manifested without the use of any special form of words; it is only necessary that the will, looked at as a whole, should disclose the purpose to create one; if the duties to be performed require the creation of a trust, the trust will be implied.

A word occurring more than once in a will ordinarily will be presumed to be used with the same meaning throughout.

It is not to be assumed that a testator will create trusts without intending to name a trustee for them, nor that he will confine the services of a named trustee to one trust out of several created, nor that he will leave a gap in the administration of his estate.

It is not the duty of an executor as such, to hold the estate and administer a trust, but to settle the estate as speedily as he reasonably can.

An executor, as to real estate, has no title, and only a right of possession; and, unless the court intervenes under its statutory authority, no power of disposition.

If a will makes no provision for the appointment of a trustee to carry out a trust established in the will, it is the duty of the executor to carry out the trust; but in so doing he does not act as executor, but as trustee, and may qualify as such after settling the estate.

A testator gave the use and income of all his estate to his wife for life; on her decease, after providing for certain legacies, he gave the use and income of the residue to *J* for life after he became twenty-one; at *J's* death the residue was devised to *J's* lineal descendants or their representatives, but if *J* should die without lineal descendants or representatives the use and income of said estate was to go to the *U* society; if, however, said society should fail to observe certain conditions, then "said trusts" should terminate and the estate

be distributed. He appointed *R* "executor of this, my last will," and *L* "to be trustee of my said estate." *Held* that *R*, as executor, after settling his final account with all reasonable speed, should forthwith transfer the estate to *L* as trustee, who should pay the life tenants their income, and carry out all the other terms of the will.

Argued January 16th—decided March 7th, 1912.

SUIT to determine the construction of the will of Joseph T. Bates of Danbury, deceased, brought to and reserved by the. Superior Court in Fairfield County, *Case, J.*, upon the facts alleged in the complaint and admitted by the answers, for the advice of this court.

On June 8th, 1905, said Bates died seized and possessed of real and personal property, and leaving the following will dated December 21st, 1904:—

"First, it is my will that all of just debts and funeral charges be paid and satisfied out of my estate.

"Secondly, I do hereby give and bequeath to my beloved wife, Abigail S. Bates, the use and income of all my estate during her natural life.

"Thirdly, after the death of my said wife, I do hereby give and bequeath to Clara Taylor, of Bethel, Conn., the sum of one thousand dollars, (1,000) the same to be to her and her heirs forever.

"Fourthly, after the death of my said wife, I do hereby give and bequeath to Julia Smith, of Nunda, N. Y., the sum of five hundred (500) dollars, the same to be to her and her heirs forever.

"Fifthly, after the death of my said wife, I do hereby give and bequeath to Caroline Cowperthwaite, the sum of ten thousand ($10,000) dollars, the same to be to her and her heirs forever.

"I do hereby give and bequeath use and the income of all the rest and residue of my said estate, after the death of my said wife, to my grandson, Joseph Bates Sanford, of Danbury, Conn., during his natural life, after he shall arrive at the age of twenty-one years,

and at his death, I do hereby give, devise and bequeath the said rest and residue of my estate to my said grandson's lineal descendants and their representatives, if any surviving him, forever; but in the event of my said grandson dying without leaving lineal descendants or representatives of them surviving him, it is my will, and I do hereby give and bequeath the use and income of my said estate to the First Universalist Society, of Danbury, Conn., the same to be used by said society for the support of the ministry and preaching of the gospel in said society, according to the tenets of Universalism, and for such other parish purposes as the trustees of said society may direct; but should the said society, for the space of one year, fail to provide a ministry and for the preaching of the gospel, according to the tenets aforesaid, then it is my will that said trust shall terminate, and my estate be distributed according to the intestate laws of this State.

"I do hereby make, constitute and appoint Carroll D. Ryder to be executor of this, my last will, hereby revoking any and all other wills by me at any time heretofore made.

"I do hereby appoint G. Frederick Lyon, of said Danbury, to be trustee of my said estate."

Said will was duly admitted to probate, and said Ryder qualified as executor, June 22d, 1905, and thereafter all the estate of said Bates came into his hands. Since which time he has continued as such executor, paid all the debts of said estate, and settled said estate so far as he can during the life of Mrs. Bates, and has now in his hands the principal of said estate, both personal and real estate, situated in Connecticut.

Said Bates was survived by his said wife, Mrs. Abigail S. Bates, and his said grandson, Joseph Bates Sanford, a minor of the age of five years. The legatees named in the third, fourth and fifth clauses of said will are now

living. Said Lyon has received none of said estate from said executor.

Upon stipulation of the parties the case was reserved for the advice of this court upon these questions:—

"A. Whether Carroll D. Ryder is to continue to act as executor and trustee, during the lifetime of Abigail S. Bates, and then after paying the legacies payable at the death of said Abigail S. Bates, surrender the trust to G. Frederick Lyon, or should said Carroll D. Ryder now render a final accounting as executor, and pay over to G. Frederick Lyon, as trustee under said will, the property remaining in his hands after the debts of the estate and the expenses of administration have been paid?

"B. Of what estate is G. Frederick Lyon appointed trustee, and if of any estate, is he entitled to receive the same now or only upon the death of Abigail S. Bates after the executor shall have paid the legacies payable at the death of said Abigail S. Bates?

"C. Are the legacies payable at the death of Abigail S. Bates gifts in remainder after a life estate in trust, and therefore properly payable in the future by the trustee, G. Frederick Lyon, out of the corpus of the trust funds, or must the executor, upon the death of said life tenant, Abigail S. Bates, again take charge of said estate and pay the legacies then to be paid and make final settlement of the estate, and thereafter turn the trust estate over to G. Frederick Lyon again?

"D. Whether Carroll D. Ryder is to continue to act as executor during the lifetime of Abigail S. Bates, subject to the right of said Abigail S. Bates, upon giving a satisfactory forthcoming bond for the payment of the legacies, to the possession and control of the real estate during her lifetime, and (subject to the provisions of Section 311) to the possession and control of the personal estate during her lifetime.

"E. Whether the said G. Frederick Lyon, as trustee, has any present right to the possession and control of any part of the estate of said Joseph T. Bates, deceased, and whether said G. Frederick Lyon will have any such right as such trustee, unless and until the said Joseph Bates Sanford dies without leaving lineal descendants, or representatives of them, surviving him."

*Samuel A. Davis*, for the plaintiff.

*Spotswood D. Bowers* and *William H. Cable*, for G. Frederick Lyon, trustee.

*John K. Beach*, for the widow, Abigail S. Bates.

WHEELER, J. The trustee named in the will contends that he is entitled to the entire estate, upon the final accounting of the executor, charged with the duty of administering the several trusts created by the will.

The executor and Mrs. Bates contend that the only trust created by the will is that in favor of the First Universalist Society, and that the executor is entitled to hold the estate during the life of Mrs. Bates and until the pecuniary legacies are paid.

The testator gives the use and income of all his estate to his wife for life. On her decease, after certain legacies are provided for, the use and income of the residue of said estate is given to his grandson, Joseph, after he becomes twenty-one, for life. At his death the said residue is devised to the lineal descendants of his said grandson or their representatives. In the event of the grandson dying without lineal descendants or representatives, the use and income of the said estate is given to the First Universalist Society, and should the society fail to provide a ministry, and for the preaching of the gospel for the space of one year, the trust

shall terminate and the estate be distributed as intestate estate.

The estate must thus be held and managed: (a) during the life of Mrs. Bates; (b) during the period between her decease and the arrival of the grandson at his majority; (c) during the life of the grandson thereafter; and (d) if the grandson die without lineal descendants or their representatives, then for the use of the society while it fulfills the trust.

The most natural and approved method of caring for this estate until its distribution was by apt words creating a trust and naming a trustee to carry out these purposes. This will does not in terms do this. No form of words was required to effectuate this; it was not necessary even to use the words "trust" or "trustee"; all that was required was that the will, looked at as a whole, should disclose the purpose of the testator to be the creation of a trust. *Plaut* v. *Plaut,* 80 Conn. 673, 677, 70 Atl. 52; *Hughes* v. *Fitzgerald,* 78 Conn. 4, 6, 60 Atl. 694. There need be no direct words conveying a legal estate to a trustee. The intent may be manifested without these. If the duties to be performed require the creation of a trust, the trust will be implied. *Donalds* v. *Plumb,* 8 Conn. 447, 452; *Belfield* v. *Booth,* 63 Conn. 299, 303, 27 Atl. 585.

The limitations and conditions placed upon this estate can only be fulfilled, and its preservation secured, by placing it in the hands of trustees. Apparently, with this purpose in mind, the testator provided in his will for the appointment of a "trustee of my said estate."

It is conceded that the testator intended that the trustee named by him should manage some trust, but it is said the testator refers to the trust for the society, and not to that to Mrs. Bates or the grandson. Such a construction must contemplate the creation of a

trust for Mrs. Bates, of one during the minority of the grandson, and of one for the grandson after reaching his majority, and at the same time designates no trustee of these trusts, although designating a trustee for a trust following these.

This seems to us a strained and unnatural construction. The will makes no such specification. The language of the appointment contains no limitation to any particular trust, and no attempt to divide the estate among different beneficiaries. Its language, as related to the other provisions of the will, indicates a contrary intent. The appointment is to the "trustee of my said estate." In their common acceptation these words signify the whole estate.

In each bequest the term "estate" refers to the entire corpus of the property and not to its "use and income."

The word "estate," used in the clause appointing a trustee, will be presumed to be used with the same meaning as in the clauses bequeathing the "use and income" of said estate; *Pease* v. *Cornell*, 84 Conn. 391, 399, 80 Atl. 86; and this estate is one the "use and income" of which is bequeathed to the testator's wife for life, and subsequently to his grandson for life upon his arriving at his majority.

These provisions all concern one and the same estate. So understood, the will throughout is consistent in purpose, not alone in creating the trusts, but in providing for their execution.

In the event the trustee named by the testator cannot administer these trusts, it is said the executor will administer the estate until the death of Mrs. Bates, and after that time and until the use of this estate should come to the society, no one, under the terms of the will, can administer these several trusts.

It should not be lightly assumed that this testator created these trusts without intending to name a trustee

for them, or that he named a trustee and confined his service as trustee to one trust of the four created.

We are unable to understand how the executor is given power to administer the trust during the life of Mrs. Bates, but toward the trusts created before and after the majority of the grandson he has no responsibility. These trusts stand in exactly the same relation, and the executor, if trustee of one, must be of the other two.

An executor has possession of the property of the testator for the sole purpose of settling the estate as speedily as he reasonably can, so as to distribute or transfer the estate remaining to the person or persons entitled to it. *Wheeler's Appeal*, 70 Conn. 511, 515, 40 Atl. 452. This was his duty; it is no part of the duty of an executor, as such, to hold the estate and administer a trust.

The executor differs radically from the trustee in his relation to the estate; as to the real estate he has no title, and only a right of possession, and, unless the court intervenes under its statutory authority, no power of disposition. *State* v. *Thresher*, 77 Conn. 70, 74, 75, 58 Atl. 460.

The will may appoint the executor a trustee, or it may devolve upon him the duties of a trustee; in either case, in the performance of these duties, he acts as a trustee and not as an executor.

It is immaterial whether the name "trustee" be given the executor; if the duties of a trustee are placed upon him, he may qualify as such after completing the settlement of the estate. *Angus* v. *Noble*, 73 Conn. 56, 62, 46 Atl. 278; *Daggett* v. *White*, 128 Mass. 398, 399.

If no trustee be named to carry out a trust provided for in the will, and no provision is made for the appointment of a trustee, it is the duty of the executor to carry

out the trust. *Holbrook* v. *Harrington,* 16 Gray (Mass.) 102, 104; *Drury* v. *Inhabitants of Natick,* 10 Allen (Mass.) 169, 174; *Clifford* v. *Stewart,* 95 Me. 38, 45, 49 Atl. 52; *Worth* v. *M'Aden,* 1 Dev. & Bat. Eq. (N. Car.) 199, 209; *Bean* v. *Commonwealth,* 186 Mass. 348, 351, 71 N. E. 784; 1 Perry on Trusts (6th Ed.) §§ 262, 370. In the performance of these duties the executor acts as trustee and not as an executor.

It follows that when the income is given to one for life, and at his death the property is given to another, and no trustee is named in the will, the executor becomes a trustee to hold and manage the property during the life of this legatee. *Carson* v. *Carson,* 6 Allen (Mass.) 397, 399; *Clark* v. *Powell,* 62 Vt. 442, 445, 20 Atl. 597; *Hayward* v. *Spaulding,* 75 N. H. 92, 71 Atl. 219, 221; 1 Perry on Trusts (6th Ed.) § 262.

Had this will created these several trusts and named no trustee to administer them, the executor, upon qualifying, would have been charged with their fulfillment. Upon his settlement of the estate as executor, the estate would have passed to him in trust, and it would have been his duty to have administered the several trusts and to have paid the pecuniary legacies on the death of Mrs. Bates.

But the designation of a trustee relieved him of the duty of administering these trusts; and this was clearly the thought of the testator. He appoints an executor of "this my last will"; he appoints a trustee of "my said estate." And "my said estate" is the estate to which he has referred in the will in the same terms upon the creation of each of the trusts of the will.

The terms of the will do not harmonize with a construction giving to Mrs. Bates control of the estate during her life, or of the grandson during his life after reaching his majority. For in the gift to each he says, "I give and bequeath the use and income of all my

estate." He vests in neither a title; he gives merely the use and income.

And the testator is using the language of the law with precision. Thus whenever he gives personal property he bequeaths, when he gives real property he devises.

"I give and bequeath the use and income" are words used in describing a gift of one in trust to another of the income rather than a gift to one creating a life estate. And in the single instance where the testator disposes of the *corpus* of the estate he uses the word "devise," showing that in other instances he intended a disposition of income only.

If it were possible to construe the will as giving Mrs. Bates, or the grandson, the possession of the estate, the fact that no provision was made for the possession and care of the estate between the death of Mrs. Bates and the majority of the grandson would make this an extremely unlikely construction. Unless the trustee named in the will executes this trust, this gap is not filled. If he can execute this trust, he can the others, for they do not differ in character.

The Superior Court is advised: that said Carroll D. Ryder, having settled his final account as executor as soon as he reasonably can, shall forthwith transfer to the said trustee, G. Frederick Lyon, all of said estate remaining after the settlement of said account, and that said trustee or his successor shall pay to said Abigail S. Bates, during her life, the use and income arising from said estate; that upon her death said trustee shall pay the pecuniary legacies provided for in the third, fourth and fifth clauses of the will, and the remainder of said estate, together with the income therefrom, care for and invest in accordance with law, until said Joseph Bates Sanford arrives at his majority, and thereafter shall pay him the use and income from said estate during his life; that at his death said trustee

or his successor shall distribute said estate among the lineal descendants of said Joseph Bates Sanford or their representatives; that in the event of said Joseph dying without leaving lineal descendants or representatives of them, said trustee or his successor shall pay over the use and income of said estate to the First Universalist Society, of Danbury, Connecticut, until said society for the space of one year shall fail to provide a ministry and for the preaching of the gospel, and that, if said society shall so fail, said trustee or his successor shall distribute said estate as intestate estate.

In this opinion the other judges concurred.