## MARY S. JEFFERSON *v.* GEORGE J. KARPOWICZ
### (5148)

DUPONT, C. J., HULL and DALY, Js.

Submitted on briefs February 9—decision released March 17, 1987

*Paul J. Yamin* filed a brief for the appellant (defendant).

*Brian McCormick* filed a brief for the appellee (plaintiff).

DUPONT, C. J. The issue of this appeal is whether the trial court erroneously approved a partition sale by public auction when the committee of sale failed to commence the public auction pursuant to the partition order at exactly 12 noon, thereby allowing the person who ultimately purchased the property to secure funds and register as a bidder.

The plaintiff instituted a partition action against the defendant on January 27, 1986. On March 10, 1986, the

trial court rendered a judgment of partition by sale, ordering a public auction on the premises at 12 noon on April 19, 1986. The bidding was actually begun at approximately 12:10 p.m., as there was a short delay to allow the bidder who was ultimately successful in purchasing the property, as well as several others, to leave the premises in order to exchange their bank cashiers checks for cash or certified checks. The defendant attempted to purchase the property through another who bid on his behalf. This bid was less than the price for which the property was sold. On May 9, 1986, after a hearing by the trial court, the motion for approval of sale was granted, and the defendant's objection to that motion was overruled. This appeal is taken from those orders.

The requisites of partition sales are set forth in General Statutes §§ 52-495 and 52-502.[1] The equitable right to partition is recognized by General Statutes § 52-495. General Statutes § 52-502 authorizes the trial court to make necessary orders to protect parties and effectuate sales. The defendant's claim is that the delay in commencing the auction violated the order of the court, and that, therefore, the court erred in approving the

---

[1] General Statutes § 52-495 provides in pertinent part: "PARTITION OF JOINT AND COMMON ESTATES. Courts having jurisdiction of actions for equitable relief may, upon the complaint of any person interested, order partition of any real property held in joint tenancy, tenancy in common, coparcenary or by tenants in tail. The court may appoint a committee to partition any such property."

General Statutes § 52-502 provides in pertinent part: "ORDERS TO PROTECT PARTIES AND EFFECTUATE SALE. SALE BY COMMITTEE. (a) On any complaint for the sale of real or personal property, the court in which the case is pending may make any order necessary to protect the rights of all parties in interest and to carry the sale into effect. (b) On any such complaint, the court may appoint a committee to make the sale, who shall pay into court the proceeds therefrom. The proceeds from the sale, after deducting such reasonable costs and expenses as the court directs, shall be distributed by order of court among all persons interested in the property, in proportion to their interests."

sale because the committee lacked any discretion to delay the commencement of the court ordered auction.

There are no cases in this jurisdiction which we have found, and the parties have presented none in their briefs, which deal with such a slight delay in the commencement of an auction conducted incident to a partition by sale. Cf. *Morey* v. *Hoyt*, 65 Conn. 516, 33 A. 496 (1895). In this case, the commencement of bidding was delayed somewhere between ten and thirty minutes in order to allow the registration of a number of participants who had arrived with bank cashiers checks instead of certified checks or cash which the committee had requested. The defendant failed to establish any prejudice or harm resulting from this slight delay.

It is generally recognized that the grounds which would warrant a court's refusal to approve a sale are fraud, misrepresentation, surprise or mistake. 47 Am. Jur. 2d, Judicial Sales §§ 181 through 188. The order of the trial court approving the sale effectively recognizes that the sale was proper and, in the absence of fraud or other compelling circumstances affecting substantial rights, cures the slight deviation from the court order. See 47 Am. Jur. 2d, Judicial Sales § 201 et seq. As the trial court recognized, where there has been substantial compliance with its order, and absent any compelling circumstance to hold otherwise, the sale was properly held and approved.

There is no error.

In this opinion the other judges concurred.