CAROLYN GOODMAN *v.* BANK OF BOSTON CONNECTICUT, EXECUTOR (ESTATE OF HELEN MEYER) (9801)

DUPONT, C. J., DALY and LAVERY, Js.

Argued September 27, 1991—decision released March 23, 1992

*Robert P. Hanahan,* with whom was *James T. Ryan,* for the appellant (defendant).

*Harry Cohen,* with whom, on the brief, was *Marc Ford Greene,* for the appellee (plaintiff).

DUPONT, C. J. This appeal results from a judgment of the trial court that reversed a decision of commissioners appointed by a Probate Court to review a claim

against the estate of Helen Meyer. The plaintiff's claim, denied first by the executor of the estate, and then by the commissioners, sought specific performance of an oral contract allegedly made by Helen Meyer for the conveyance of real estate, or, in the alternative, for damages. After the commissioners filed a written report denying her claim, the plaintiff appealed to the Superior Court pursuant to General Statutes § 45a-401 (d).[1] The Probate Court ordered that notice of the appeal be given to the executor and to the attorney for the estate.[2]

The plaintiff then filed a document labeled "Complaint," which contained a statement of the nature and

[1] General Statutes § 45a-401 (formerly § 45-213b) provides in pertinent part: "(a) Whenever a fiduciary of any estate of a deceased person disallows . . . the claim of any creditor against the estate, which claim has been presented within the time limited for presenting claims against the estate, such creditor may . . . after notice of such disallowance apply to the court of probate to receive and decide such claim or in the alternative may apply to said court for the appointment of one or more disinterested persons, at least one of whom shall be an attorney at law, admitted to practice in this state, to be a commissioner or commissioners to receive and decide upon such claim. The court may . . . appoint such commissioner or commissioners, who shall be sworn to faithfully discharge their duties and shall have all the powers and duties concerning such claim that commissioners appointed under the provisions of sections 45a-406 and 45a-408 have with respect to claims against insolvent estates. . . .
"(d) Any person aggrieved by the actions of such commissioner or commissioners may appeal therefrom as provided in accordance with the provisions of section 45a-190 with respect to insolvent estates."
General Statutes § 45a-190 provides for an appeal to Superior Court from the actions of commissioners within one month after their report is accepted by the Probate Court, upon giving bond.

[2] General Statutes § 45a-192 provides: "The court of probate, in allowing an appeal, shall make such order of notice to persons interested as it deems reasonable. When the notice has been given by the appellant and proved to the court to which the appeal is taken, the court may hear the appeal without further notice." This section does not specifically apply to appeals from the actions of commissioners, but when read with General Statutes § 45a-191, which does so apply, it is reasonable to conclude that the Probate Court used § 45a-192 as its authority to issue an order of notice.

basis of her appeal and the damages sought in the Superior Court as required by Practice Book § 195. Although no writ of summons was filed with the complaint, the plaintiff gave the notice required by the Probate Court. The real estate in question was devised to the plaintiff's sister, Jeanne Savoy, in the will of Helen A. Meyer, but no notice of the appeal to the Superior Court was given to her. Jeanne Savoy was not a party in the trial court action and there was no motion made to intervene or to require her joinder as a party. The trial court concluded that there was an enforceable oral contract between Meyer and the plaintiff, that the contract did not violate the statute of frauds because there was part performance of it, and that the statute of limitations had not run. The court ordered the executor to convey title to the real estate to the plaintiff upon payment to the devisee of "one half the value of the subject property." The executor appeals from that judgment.

The trial court found certain relevant facts based solely on the transcript of the hearing before the commissioners, and considered no other evidence. The plaintiff is the elder of the decedent's two children. In January or February, 1981, the plaintiff was residing in Oklahoma with her husband who was suffering from a terminal illness. She and her husband traveled to her mother's home in Roxbury, Connecticut, to discuss whether the plaintiff should move to Connecticut. The plaintiff and the decedent reached an oral agreement providing that the plaintiff would reside in the decedent's house, make certain refurbishments, and care for the decedent. In return, the decedent would convey the house to the plaintiff. The plaintiff also agreed to pay one half of the value of the residence to her sister, Jeanne Savoy, upon the death of the plaintiff's husband. The oral agreement was reached in the presence of the plaintiff's husband, now deceased, and her nephew, Roger Savoy.

The plaintiff's family sold their house in Oklahoma and moved to Roxbury in July, 1981. They contracted for renovations, which were paid for from the proceeds of the sale of the Oklahoma house. In September, 1981, the plaintiff and the decedent had an argument after which the plaintiff's family vacated the decedent's house at the request of the decedent. Shortly thereafter, the decedent changed her will, which had left one half of her estate to each of her two daughters. The new will disinherited the plaintiff, leaving all of the decedent's estate to Jeanne Savoy.

The executor contends that the trial court lacked jurisdiction over this appeal because (1) the plaintiff instituted suit without a writ of summons and directed her complaint against the estate as defendant, (2) the plaintiff failed to join the devisee of the real estate, an indispensable party, and (3) it lacked the power to order specific performance of the contract. The other claims of the defendant relate to whether the statute of limitations had run, whether an oral contract had been proved, and, if so, whether it was unenforceable because of the statute of frauds. We first review the jurisdictional questions because, if the defendant is correct that the court lacked jurisdiction, we need not reach the other questions raised.

In order to resolve the jurisdictional questions, we must discuss the nature of an appeal to the Superior Court from the actions of commissioners. Appeals from the actions of commissioners of estates have long been the subject of our statutes and decisions. See General Statutes (1866 Rev.) § 145; *Moss' Appeal from Probate,* 36 Conn. 212 (1869); *Bennett's Appeal from Probate,* 33 Conn. 214 (1866). These two cases are early pronouncements of the distinction between an appeal from probate and an appeal from the actions of commissioners appointed by the Probate Court. They held that an appeal from a decree of a Probate Court accept-

ing a report of commissioners must be dismissed as violative of the statutes authorizing the use of commissioners because the only appeal to the Superior Court that lies is directly from the "doings of the commissioners." For more than 130 years, a distinction has been made between probate appeals and appeals from commissioners appointed by the Probate Court. *Silverstone* v. *Lille,* 141 Conn. 104, 103 A.2d 915 (1954); *Olmstead's Appeal from Probate,* 43 Conn. 110 (1875). This distinction continues both in our statutes and in our rules of practice. See General Statutes §§ 45a-190, 45a-186; Practice Book §§ 194, 195.

Commissioners for solvent estates existed until 1968 when the statute authorizing their appointment was repealed. "[General Statutes] § 45-213b [now codified as General Statutes § 45a-401], effective October 1, 1975, reinstituted the procedure of appointing commissioners to receive and decide claims against solvent estates. . . . The prior statute authorizing the appointment of commissioners on solvent estates, [General Statutes] § 45-211, was repealed, effective January 1, 1968. While the new statute varies in several material respects from § 45-211, it seems likely that the procedures used under the old statute, and the case law applicable thereto, both closely analogous to the insolvent estate procedures, will be closely followed." G. Wilhelm, Connecticut Estate Practice, Settlement of Estates (1991) § 251A.

I

The defendant claims that the appeal must be dismissed for lack of personal jurisdiction because the plaintiff failed to initiate the action with a writ of summons attached to a complaint. The defendant relies on *Hillman* v. *Greenwich,* 217 Conn. 520, 587 A.2d 99 (1991), which concerned a statutory action to recover for damage to the plaintiff's real property allegedly

caused by unlawful and unreasonable drainage and discharge of surface waters by the defendant. The *Hillman* court held that where a complaint contains no direction to a proper officer for service or a command to summon the defendant to appear in court, the court lacks jurisdiction and the action must be dismissed. That case, however, is not controlling here.

Although a writ of summons is a prerequisite to the commencement of a civil action; General Statutes § 52-45a; we conclude that an appeal from commissioners' actions is not a "commencement" of a civil action. Such an action, when it comes to the Superior Court, is not an original one, but a continuation of an action commenced in the Probate Court. The appeal in the Superior Court is already shaped by the prior proceedings, including the setting of a bond, and an order of notice. See General Statutes §§ 45a-190, 45a-192.

The plaintiff was required to comply with Practice Book § 195, "[Pleading Special Matters]——Appeals from Commissioners" rather than Practice Book § 49.[3] The latter section concerns mesne process in the usual civil case and specifically excludes probate appeals. Appeals from reports of commissioners are not specifically excluded from § 49, but, since there is a separate section, § 195, that does concern such appeals, we conclude that § 49 does not apply. Furthermore, not all types of actions that are commenced by other than mesne process are specifically excluded from the purview of § 49. See *Boltuch* v. *Rainaud*, 137 Conn. 298, 300–301, 77 A.2d 94 (1950). Eminent domain is one such type of case. We hold that an appeal from com-

---

[3] Practice Book § 49 provides in pertinent part; "Mesne process in civil actions shall be a writ of summons or attachment, describing the parties, the court to which it is returnable and the time and place of appearance, and shall be accompanied by the plaintiff's complaint."

missioners is another because it is a special appellate proceeding authorized by statute and governed by a particular section of our rules of practice.

Practice Book § 195 provides: "In all appeals from the . . . disallowance of any claim by commissioners appointed by the courts of probate, the party presenting the claim shall . . . file a statement of the amount and nature of his claim, and of the facts upon which it is based, which statement shall conform, as far as may be, in form and substance, to the requirements of a complaint brought to recover upon said claim in a civil action. To such statement the adverse party, unless otherwise ordered by the court, shall plead, and thereafter the pleadings shall continue until issues are joined, as in civil actions."

The allegations of the plaintiff's complaint contained a statement of the nature of the plaintiff's claims, a statement from which damages could be assessed, and the facts on which her claim was based. Her complaint therefore complied with Practice Book § 195.[4] "[Appeals] from the doings of commissioners, are not civil actions. They are not commenced by the service of process and no complaint or other pleading, in the ordinary use of that term is required." *Savelewitz* v. *Solid,* 21 Conn. Sup. 159, 162, 149 A.2d 314 (1958). Moreover, unlike Practice Book § 49, Practice Book § 195 does not require a writ of summons. Finally, the appeal was not directed, as the defendant claims, against the estate, but against the executor. The plaintiff's appeal need not have been dismissed because of its lack of a writ of summons.

---

[4] In February, 1989, the defendant directed a request to revise and a motion to strike at the complaint alleging that it purported to commence a new action, not an appeal from the doings of commissioners. The plaintiff's objection to both the request to revise and the motion to strike was sustained by agreement on March 13, 1989.

## II

The defendant next claims that the trial court lacked any power to order a specific conveyance of real estate owned by the devisee, Jeanne Savoy, because she was not a party to the appeal, and because a claim for the recovery of real estate is not a claim against the estate. The defendant, therefore, argues that the appeal should be dismissed. We conclude that the court could not have ordered specific performance even if Jeanne Savoy had been a party because the trial court did not have the power to grant specific performance of a contract to convey real estate on an appeal from commissioners appointed by a Probate Court.

Upon the death of the owner of real estate, neither the executor nor the administrator holds title. *Ryder* v. *Lyon*, 85 Conn. 245, 252, 82 A. 573 (1912). Title immediately descends to the heirs or devisees of real estate, subject to the right of administration. *O'Connor* v. *Chiascione*, 130 Conn. 304, 33 A.2d 336 (1943). Any conveyance to the plaintiff of necessity must interfere with the title held by her sister who was the devisee of the real estate. As a person whose interests in real estate would be affected by the relief sought, Jeanne Savoy was an indispensable party. *Graham* v. *Zimmerman*, 181 Conn. 367, 435 A.2d 996 (1980). No decree can enter affecting title to real estate unless all of the parties who will be directly affected by any judgment that may be rendered are before the court. Id., 372. The court's judgment ordering the executor to convey title cannot stand because the executor did not have title and because the person who did have title upon the death of Helen A. Meyer was not a party. Ordinarily this would require us to remand the case for the purpose of allowing the indispensable party to intervene with respect to the plaintiff's claim to obtain the relief of specific performance. See *Fong* v. *Planning & Zon-*

*ing Board of Appeals,* 212 Conn. 628, 563 A.2d 293 (1989). Here, however, we conclude that the court had no jurisdiction, sitting as an appellate court reviewing the actions of commissioners, to grant such relief and, therefore, Jeanne Savoy need not have been a party.

An appeal from the actions of commissioners appointed by a Probate Court to receive and decide on the claims of creditors of an estate is not an appeal from probate. *Olmstead's Appeal from Probate,* supra. Although appointed by the Probate Court, "they are not an arm of it, in the sense that an auditor or a committee appointed by the Superior Court is an arm of that court. The court of probate had no power to revise, alter, or modify the doings of the commissioners. Their report stands in the court of probate, having the same force and effect that it would have if made by a tribunal appointed by the General Assembly." Id., 116.

Commissioners have only those powers defined by statute, which are to "receive and decide upon the claims of creditors of the estate." General Statutes § 45a-406; see General Statutes §§ 45a-401, 45a-408. "An appeal from the allowance or the disallowance of a claim by the commissioners carries the case into the appellate court precisely as it stood before the commissioners. The question there is, as before, whether the claim is one that should be allowed against the estate." *Tolles' Appeal from Commissioners,* 54 Conn. 521, 524, 9 A. 402 (1887). The claim here was for specific performance, or in the alternative for monetary damages for breach of contract or for unjust enrichment.

The plaintiff's claim, insofar as it sought specific performance, involved a claim against a devisee of real estate rather than a claim against the estate. It, therefore, was beyond the statutory power of the commissioners; see *Olmstead's Appeal from Probate,* supra; and, accordingly, outside of the jurisdiction of the Supe-

rior Court sitting as an appellate court to determine the issues that could have been decided by the commissioners. *Tolles' Appeal from Commissioners,* supra. Jeanne Savoy would have been an indispensable party if the relief of specific performance had been proper.[5] The court, however, could not order such relief. The plaintiff also sought monetary damages, which was a claim for relief that could be entertained by the commissioners and, accordingly, the Superior Court as well. This claim can be resolved without the presence of Jeanne Savoy as a party because it involves the disbursement of assets of the estate, rather than relief directed against a devisee of real estate.

### III

The trial court concluded that there was an oral contract, that the decedent had breached it, and that the statute of limitations did not prevent enforcement of the contract. The defendant argues that these conclusions, which were based solely on the transcripts of the commissioners, cannot stand because they do not legally and logically flow from the transcripts. The defendant, therefore, urges that the judgment of the court be reversed, and that judgment for the defend-

---

[5] After the denial by a fiduciary of an estate of a claim involving real estate, an independent original action filed in the Superior Court, seeking specific performance to enforce an oral contract for the conveyance of the real estate is proper. *Ubysz* v. *DiPietro,* 185 Conn. 47, 440 A.2d 830 (1981).

Because we have determined that Jeanne Savoy is not an indispensable party because the trial court could not order a conveyance of her real estate on an appeal from commissioners appointed by the Probate Court, we do not reach the issues of whether the failure of the defendant to move to strike the complaint for nonjoinder of an indispensable party was a waiver of the claim; see *W. G. Glenney Co.* v. *Bianco,* 27 Conn. App. 199, 604 A.2d 1345 (1992); or whether the lack of an indispensable party requires a dismissal of a cause of action or a new trial. See *Stamford Ridgeway Associates* v. *Board of Representatives,* 214 Conn. 407, 572 A.2d 951 (1990); *Fong* v. *Planning & Zoning Board of Appeals,* 212 Conn. 628, 563 A.2d 293 (1989); *Graham* v. *Zimmerman,* 181 Conn. 367, 435 A.2d 996 (1980).

ant be directed. We do not reach these remaining claims of the defendant because we conclude that the appeal in the trial court should have been heard de novo rather than solely on the transcripts of the hearing before the commissioners.[6]

The hearing before the commissioners was recorded by an official stenographer and the transcripts were available to the trial court. In its memorandum of decision, the court states that the parties agreed that the court could consider "the transcripts of testimony taken before the probate commissioners the issue de novo whether the plaintiff has established her claims against the decedent's estate." The transcript of the trial court proceedings reveals that although the plaintiff made no objection to the use by the trial court of the transcript of the hearing before the commissioners, she did object to a denial of her motion for a trial de novo. She also objected, and then took an exception, to the trial court's refusal to allow any evidence as to damages after she made an offer of proof.

There is no doubt that the Superior Court, sitting as an appellate court to review the actions of the commissioners, could determine whether a claim against the estate exists and, if so, the monetary amount to be awarded to the creditor. When a creditor appeals from a commissioner's report, the report is vacated by the appeal itself. It is as though the entire proceeding had never occurred. *Freda* v. *Smith,* 142 Conn. 126, 111 A.2d 679 (1955); *Fourth Ecclesiastical Society* v. *Mather,* 15 Conn. 587, 599–600 (1843). Once the decision of the commissioners was appealed, therefore, the decision was nullified and the plaintiff had the burden of proving her claim as a de novo matter.

---

[6] Our conclusion is based on plain error review. See *In re Jonathan P.,* 23 Conn. App. 207, 211, 579 A.2d 589 (1990); *Gillis* v. *Gillis,* 21 Conn. App. 549, 556, 575 A.2d 230 (1990).

Conversely, probate proceedings remain intact until such time as they are superseded by a judgment of the Superior Court, regardless of whether an appeal is taken. General Statutes §§ 51-72 and 51-73 provide that official stenographers may be used in a Court of Probate and that an appeal from any decisions rendered after such a record is made in a Court of Probate, shall not be a trial de novo. General Statutes § 45a-186, which governs appeals from probate, provides that "[a]ppeals from any decision rendered in any case after a record is made under sections 51-72 and 51-73 shall be on the record and shall not be a trial de novo." General Statutes §§ 45a-401 (d) and 45a-190, however, which govern appeals from the actions of commissioners, have no similar provision. We conclude that the lack of a similar provision was a deliberate omission of the legislature. See *Kinney* v. *State,* 213 Conn. 54, 64, 566 A.2d 670 (1989).

Given the long standing decisional dichotomy between appeals from probate proceedings and appeals from the actions of commissioners, we conclude that the statutory distinctions are intended to reflect the decisional divergence. If the legislature had wanted to preclude appeals from commissioners from being heard de novo when there is a stenographic record of the hearing before the commissioners, it could have so provided, as it did appeals from probate decisions. The court, therefore, should have allowed the plaintiff to introduce evidence as to damages because the matter was one to be determined de novo.

The failure to allow fresh evidence as to damages permeated the trial, and infected the other findings and conclusions that were made on the basis of the transcript. See *Bleau* v. *Ward,* 221 Conn. 331, 336, 603 A.2d 1147 (1992); *Fazio* v. *Brown,* 209 Conn. 450, 452–56, 551 A.2d 1227 (1988). A de novo trial allows the introduction of all evidence that could have been

introduced at the original hearing before the commissioners. Thus, at the new trial, evidence of whether an oral contract existed, whether it was breached and, if so, when, and whether the claim is still viable must be considered. If the plaintiff prevails as to these issues, the damages due the plaintiff should be determined on the basis of the evidence introduced by the plaintiff.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.