[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a teacher's statutory appeal from her termination of employment.
The plaintiff has raised a substantial argument by moving for summary judgment and judgment on the pleadings, based on arbitrator's findings that an applicable statute was not strictly followed by the defendant, Board of Education. While the plaintiff's arguments are presently most cogent, procedurally, the motion used cannot be employed to take the case to judgment since the matter must be decided upon the whole record, and the rules of practice do not permit summary judgment.
On November 5, 1993, the plaintiff, Nancy Sekor, filed an administrative appeal pursuant to Connecticut General Statutes, Sec. 10-151 seeking, inter alia, that the termination of plaintiff's employment be reversed and set aside with back pay and benefits. On January 7, 1994, the Ridgefield Board of Education (hereinafter "defendant") filed an answer. On February 16, 1994, the plaintiff filed a motion for summary judgment "based upon the alleged findings of the arbitrators."
Practice Book, Sec. 379 provides:
 In any action, except actions for dissolution of marriage, legal separation, or annulment of marriage, and except administrative CT Page 6050 appeals which are not enumerated in Sec. 257(d), any party may move for a summary judgment at any time, except that the party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial. These rules shall be applicable to counterclaims and cross complaints, so that any party may move for summary judgment upon any counterclaim or cross complaint as if it were an independent action.
"Summary judgments may be utilized in those administrative appeals that are enumerated in Practice Book, Sec. 257(d)." DeLucia v. Burns,11 Conn. App. 439, 443, 527 A.2d 1234 (1987). Practice Book, Sec. 257(d) provides:
 The following administrative appeals shall, subsequent to the filing of the appeal, follow the same course of pleading as that followed in ordinary civil actions:
 (1) Appeals from municipal boards of tax review taken pursuant to Gen. Stat., Secs. 12-118 and 12-119.
 (2) Appeals from municipal assessors taken pursuant to Gen. Stat., Sec. 12-103.
(3) Appeals from the commissioner of revenue services.
 (4) Appeals from the insurance commissioner taken pursuant to Gen. Stat., Sec. 38-39k.
 (5) Any other appeal in which the parties are entitled to a trial de novo.
In the present case, plaintiff's appeal does not fall under subsections (1)-(4) of Practice Book, Sec. 257. With regard to the possible applicability of subsection (5), a trial de novo involves "[t]rying anew the matter involved in an administrative determination the same as if it had not been heard before and as if no decision had been previously rendered,"Ballentine's Law Dictionary, 3rd Edition, and "allows the introduction of all evidence that could have been introduced" at an original hearing. Goodman v. Bank of Boston Connecticut, 27 Conn. App. 333,345-46, 606 A.2d 994 (1992). However, de novo revue is in stark contrast to the court's function in reviewing the action of a board pursuant to section 10-151 (f), where the court may not retry the case, but is limited to determining whether the board has acted illegally without substituting its judgment for that of the board. Tomlinson v. Board ofCT Page 6051Education, 226 Conn. 704, 714, 629 A.2d 333 (1993), citing Radov. Board of Education, 216 Conn. 541, 555, 583 A.2d 102 (1990). Therefore, since the function of the trial court is limited to determining whether the defendant has acted illegally based on the record before it and there is no de novo review, subsection (5), supra, is also inapplicable to the present action.
The Sekor appeal is not the kind of appeal allowed to follow the same course of pleadings as that followed in ordinary civil actions pursuant to Practice Book, Sec. 257(d). The plaintiff's motion is prohibited by the operation of section 379, supra. The plaintiff has also filed an alternative motion for judgment on the pleadings. However, one must look to evidence in a record beyond the pleadings to decide this case.
The motion is denied.
Flynn, J.