KEITH BRADOC GALLANT, ADMINISTRATOR (ESTATE OF THELMA S. CAVALLARO) *v.* JOAN CAVALLARO ET AL. (AC 16867)

O'Connell, C. J., and Landau and Schaller, Js.

Argued January 15—officially released August 25, 1998

*Joan Cavallaro*, pro se, the appellant (named defendant).

*Charles D. Ray*, with whom, on the brief, was *William H. Narwold*, for the appellee (plaintiff).

*Opinion*

O'CONNELL, C. J. The named defendant, Joan Cavallaro,[1] appeals from a judgment of partition and sale of property at 26 Crescent Bluff Avenue in Branford. Prior to her death, Cavallaro's mother owned an undivided one-half interest in the property as a tenant in common with her three daughters, Cavallaro, Mary Malcolm and Julie Cooper, each of whom owned an undivided one-sixth interest.

The Probate Court for the district of Branford appointed the plaintiff, Keith Bradoc Gallant, administrator of the decedent's estate. Gallant brought this

---

[1] The other defendants were Cavallaro's sisters, Mary Malcolm and Julie Cooper, and Bank One, Texas, which held a mortgage on the property. Cavallaro was the only defendant who contested the partition and sale.

action for partition and sale of the property in the Superior Court, alleging that the estate was unable to pay its debts, taxes and expenses of administration without obtaining the proceeds of the sale of the property.

Following an evidentiary hearing, the trial court rendered an oral decision in the plaintiff's favor, ordering the partition and sale. The trial court subsequently appointed a committee to conduct the sale, which took place on November 23, 1996. Despite Cavallaro's objection, the trial court approved the sale and this appeal followed.

On appeal, Cavallaro claims that the trial court (1) lacked subject matter jurisdiction to entertain this partition action and (2) improperly approved the sale in view of the circumstances surrounding it. We affirm the judgment of the trial court.

I

Cavallaro's first claim may be divided into two issues: first, whether the trial court had jurisdiction to entertain this action and, second, even if the trial court had jurisdiction, whether the administrator had standing to sue for partition.

A

In the first part of this claim, Cavallaro raises an issue of the Superior Court's jurisdiction. Whenever a claim of lack of jurisdiction is brought to the court's attention, it must be resolved before the court can proceed. *Castro* v. *Viera*, 207 Conn. 420, 429, 541 A.2d 1216 (1988); *Vincenzo* v. *Warden*, 26 Conn. App. 132, 135, 599 A.2d 31 (1991).

The jurisdiction of the Probate Court to entertain partition actions during the settlement of an estate is not disputed. General Statutes § 45a-326.[2] The jurisdiction of the Superior Court to entertain partition actions

[2] General Statutes § 45a-326 (a) provides: "During the settlement of the estate of any person who died owning an undivided interest in any property

is likewise not in dispute. General Statutes §§ 52-495[3] and 52-500.[4] The crux of Cavallaro's argument is that when an estate is in settlement, the Probate Court has sole jurisdiction to order a partition of property within the estate to the exclusion of the Superior Court. We are not persuaded.

We first note that "[w]hen two statutes relate to the same subject matter every effort should be made to find a reasonable field for the operation of both statutes . . . [and] where there is a reasonable field of operation for each statute which does not impinge on the domain of the other, it is the court's duty to give them concurrent effect." (Internal quotation marks omitted.) *Whalen* v. *Ives*, 37 Conn. App. 7, 11, 654 A.2d 798, cert. denied, 233 Conn. 905, 657 A.2d 645 (1995). Thus, every effort should be made to reconcile the operation of § 45a-326 with that of §§ 52-495 and 52-500.

The fallacy in Cavallaro's otherwise well analyzed brief is that it does not give proper weight to two other statutes, General Statutes §§ 45a-98 (b) and 52-503. Section 45a-98 (b) expressly provides that "[t]he jurisdiction of courts of probate to determine title or rights . . . is *concurrent* with the jurisdiction of the Superior Court and does not affect the power of the Superior Court as a court of general jurisdiction." (Emphasis added.) This section is a declaration that the Probate

not specifically devised or bequeathed, the executor or administrator of the estate and the owner or owners of the major portion of the other interest therein may apply in writing to the court of probate having jurisdiction of the estate to order partition of the same."

[3] General Statutes § 52-495 provides in relevant part: "Courts having jurisdiction of actions for equitable relief may, upon the complaint of any person interested, order partition of any real property held in joint tenancy, tenancy in common, coparcenary or by tenants in tail. . . ."

[4] General Statutes § 52-500 (a) provides: "Any court of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any property, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owners."

Court and the Superior Court are to have concurrent jurisdiction over matters involving title and rights to property.

Section 52-503 provides that "[n]o partition, or sale in lieu of partition, may be made of any property, real or personal, *belonging wholly to an estate in settlement in any court of probate until the estate is ready for distribution.*" (Emphasis added.) Thus, § 52-503 is a limitation on the partition and sale powers granted to the Superior Court by §§ 52-495 and 52-500 and, therefore, a limitation on the Superior Court's otherwise concurrent jurisdiction with the Probate Court.

A plain reading of § 52-503 indicates, however, that if the property does *not* belong wholly to an estate in settlement, then the Superior Court may proceed with partition. The property in the case before us does not belong wholly to an estate in settlement because only a one-half interest in the property belongs to the decedent's estate, while the other one-half interest belongs to the decedent's three daughters. Accordingly, the restriction of § 52-503 is not relevant here and, therefore, does not apply to limit the jurisdiction of the Superior Court.

We conclude that the Superior Court and the Probate Court had concurrent jurisdiction to entertain an action for partition in this case.

## B

Cavallaro next argues that even if the Superior Court had concurrent jurisdiction to entertain this action, the plaintiff, as an administrator, lacked standing to sue for partition. General Statutes §§ 52-495 and 52-500 confer authority on the Superior Court to order partition and sale upon the complaint of any person interested.[5] Cavallaro relies on the well established doctrine that

---

[5] See footnotes 3 and 4.

"[u]pon the death of the owner of real estate, neither the executor nor the administrator holds title. *Ryder* v. *Lyon*, 85 Conn. 245, 252, 82 A. 573 (1912). Title immediately descends to the heirs or devisees of real estate, subject to the right of administration. *O'Connor* v. *Chiascione*, 130 Conn. 304, 33 A.2d 336 (1943)." *Goodman* v. *Bank of Boston Connecticut*, 27 Conn. App. 333, 341, 606 A.2d 994 (1992).

The issue of whether the administrator of an estate has standing to sue for partition and sale of real property partially belonging to the estate was addressed by this court in *Claydon* v. *Finizie*, 7 Conn. App. 522, 508 A.2d 845 (1986). The administrator in *Claydon*, like the plaintiff in the case before us, sought partition and sale in the Superior Court of property belonging to the decedent and her three children. The only significant distinction between *Claydon* and the appeal before us is that the plaintiff-administrator in *Claydon* did not allege that partition of the property was necessary to settle claims against the estate. As a result, the *Claydon* court concluded that the administrator did not satisfy the requirement of §§ 52-495 and 52-500 that the action be brought by a person with an interest in the property. Id., 526.

The converse of the *Claydon* rule is that if the administrator alleges that the property is needed to settle claims against the estate, then he meets the requirement of having an interest in the property. The plaintiff here made the requisite allegation; therefore, following *Claydon*, we hold that the plaintiff had standing to seek partition.

II

Cavallaro's final claim is that the trial court improperly approved the partition sale. A partition by sale, although a creature of statute, is an equitable action, and it is within the trial court's discretion to order a

partition by sale. *Geib* v. *McKinney*, 224 Conn. 219, 228, 617 A.2d 1377 (1992). Accordingly, once the court has exercised its equitable jurisdiction by ordering a partition by sale, it also has discretion to approve or reject the sale. See *Fidelity Trust Co.* v. *Irick*, 206 Conn. 484, 490, 538 A.2d 1027 (1988) (court of equity in foreclosure suit has discretion to accept or reject proposed sale); *Jefferson* v. *Karpowicz*, 10 Conn. App. 198, 200, 522 A.2d 322 (1987) (trial court's approval of partition sale proper where substantial compliance with court's order of sale and absent compelling circumstance to hold otherwise); 47 Am. Jur. 2d, Judicial Sales, § 282 (1995). Thus, the standard for reviewing Cavallaro's claim is whether the court abused its discretion in approving the sale. "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling." *Geib* v. *McKinney*, supra, 229.

"It is generally recognized that the grounds which would warrant a court's refusal to approve a sale are fraud, misrepresentation, surprise or mistake." *Jefferson* v. *Karpowicz*, supra, 10 Conn. App. 200. Cavallaro argues that the court should not have approved the sale because the committee misrepresented the liens on the property, causing potential bidders to withhold their bids or actual bidders to bid less than they would have otherwise. Her contention is based on arguments she made to the trial court at the sale approval hearing.

Whether the committee made the alleged misrepresentations and, if so, whether they affected the final bid price are issues of fact. No evidence was submitted to the trial court on which it could base a factual finding that such misrepresentations were made by the committee. The documents on which Cavallaro relies in her brief were not entered into evidence before the trial court. Furthermore, Cavallaro did not call any witnesses

to testify, nor did she testify herself. She merely represented to the court that her search of the land records revealed that the amount of the liens totaled less than the amount that the committee had allegedly quoted to potential bidders. Representations of counsel, or in this case, of a pro se litigant, have no evidentiary weight. *L & L Builders, Inc.* v. *Parmelee,* 221 Conn. 203, 204, 602 A.2d 1016 (1992).

Even if there were a factual basis for finding such misrepresentations, there was no evidence of their effect on the sale price. Cavallaro offered only her subjective belief that a significant number of potential bidders were discouraged from bidding or that actual bidders were discouraged from bidding higher.[6] That assertion was no more than mere speculation.

Accordingly, our review of the record discloses no evidence supporting Cavallaro's claim that the committee made the alleged misrepresentations and that the sale price was thereby affected. We conclude that the trial court did not abuse its discretion in approving the sale.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] Cavallaro told the trial court: "I believe that a significant number of bidders who might have bid higher were discouraged from doing so or discouraged from bidding at all and, *since we don't know,* I would move to have a new sale." (Emphasis added.)