[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS PREJUDGMENT REMEDY APPLICATION
This matter involves defendants motion to dismiss plaintiff's application for a prejudgment remedy. The grounds asserted are that: 1) the court lacks subject matter jurisdiction because the CT Page 5059 exclusive jurisdiction for actions under the Uniform Transfers to Minors Act, General Statutes § 45a-557 et seq., is in the Probate Court; 2) the statute of limitations bars the proposed claims for conversion and civil conspiracy; and 3) the plaintiff did not provide the requisite notice and claim form in her application for prejudgment remedy pursuant to General Statutes § 52-578c(e).
The proposed complaint alleges the following facts. The plaintiff, Tara Estra, was born on June 23, 1972. The plaintiff is the daughter of the defendants, Amy and Jordan Estra. Sometime in or before 1985, the mother established an account with Prudential Mutual Fund Services for her daughter in accordance with Connecticut's Uniform Gifts to Minors Act, General Statutes § 45a-546
et seq. (repealed and replaced by the Uniform Transfers to Minors Act, General Statutes § 45a-557 et seq.).[1] The transfer of funds by mother to daughter was irrevocable.[2] The mother acted as the custodian of the account pursuant to General Statutes § 45a-558f.
The plaintiff attained the age of twenty one on June 23, 1993.[3] The plaintiff has since demanded that Amy Estra pay over the funds in the account. To date, she has not done so. On February 2, 1996, Amy Estra liquidated the account when Prudential Mutual Fund Services issued two checks in the amount of $10,189.00 and $9,867.32, payable to Amy Estra as custodian for the plaintiff.
Since that time, the defendants have retained these funds. The defendants have not provided the plaintiff with an accounting of the funds. Additionally, the plaintiff alleges that the defendants are withholding from the plaintiff certain tangible property that they were safeguarding for the plaintiff in their safety deposit box.
It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Town of Branford,247 Conn. 407, 410, (1999).
A. SUBJECT MATTER JURISDICTION
"A determination regarding a trial court's subject matter jurisdiction is a question of law." Doe v. Roe, 246 Conn. 652, CT Page 5060 660, 717 A.2d 706 (1998). "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it . . . Jurisdiction of the subject matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." (Internal quotation marks omitted.) Id., 661. The defendants first argue that the court lacks subject matter jurisdiction to hear the present case and should dismiss the plaintiff's application for prejudgment remedy because the plaintiff's proposed complaint contains allegations relating to the UTMA, and any action falling under the act must be brought in the Probate Court. Specifically, the defendants argue that the Probate Court, not the Superior Court, has exclusive jurisdiction over disputes arising out of the UTMA. In support of their argument, the defendants cite General Statutes § 45a-557b, which provides in pertinent part: "Courts of probate in any district in which the transferor, the minor or the custodian is resident, or in which the custodial property is located shall have jurisdiction of any disputes or matters involving custodianship under sections 45a-557
to 45a-560b, inclusive. . . ." General Statutes § 45a-557b(a). The defendants offer no case law that interprets this section.
In response, the plaintiff argues that the Superior Court has jurisdiction to hear this case because General Statutes § 45a-98
(b) directs that the Superior Court is to have concurrent jurisdiction with the Probate Court on matters like the present one. Indeed, General Statutes § 45a-98(b) provides: "The jurisdiction of courts of probate to determine title or rights or to construe instruments or to apply the doctrine of cy pres or approximation pursuant to subsection (a) of this section is concurrent with the jurisdiction of the Superior Court and does not affect the power of the Superior Court as a court of general jurisdiction."
The defendants' argument that the court lacks jurisdiction to hear the present case is without merit. The plain language of § 45a-98(b) unambiguously indicates that the legislature intended for the Superior Court to have concurrent jurisdiction with the Probate Court on matters affecting title to or rights to property. Indeed, the Appellate Court has stated that 45a-98 "is a declaration that the Probate Court and the Superior Court are to have concurrent jurisdiction over matters involving title and rights to property." Gallant v. Cavallaro, 50 Conn. App. 132, CT Page 5061 134, 717 A.2d 283, cert. denied, 247 Conn. 936 (1998). Moreover, there is no provision in the UTMA which states that the Probate Court is to have exclusive jurisdiction over disputes arising under the act. The present case involves an action affecting title to or rights to property, i.e., the rights to the funds from the Prudential account and the title to the other property allegedly withheld by the defendants. Therefore, the court has subject matter jurisdiction to hear the present case.[4]
B. Statute of Limitations
The defendants next argue that the court should dismiss the plaintiff's application for prejudgment remedy because the statute of limitations has expired in relation to the allegations in counts one and seven of the plaintiff's proposed complaint. In response, the plaintiff argues that the defendants' contention regarding the statute of limitations is to be properly raised as an affirmative defense rather than on a motion to dismiss.
As a threshold matter, it should be noted that "a plaintiff . . . cannot simply attach a defendant's interest in real estate as part of commencing a lawsuit, as was true prior to 1973. A court must first find probable cause before a prejudgment remedy of attachment of real property may issue. With certain exceptions . . . our law requires a hearing, where a prospective defendant may challenge in an adversarial proceeding, whether there is probable cause for an attachment to issue." (Citations omitted; internal quotation marks omitted.) Beers v. WestportBank and Trust Company, 50 Conn. App. 671, 676, 719 A.2d 58, cert. denied, 277 Conn. 940 (1998). The hearing in probable cause for issuance of a prejudgment remedy is not intended to be a trial on the merits. McCutcheon Burr, Inc. v. Berman,218 Conn. 512, 525, 590 A.2d 438 (1991). While the prejudgment remedy hearing involves the weighing of probabilities rather than a full scale trial, procedural due process requires a hearing be held in a meaningful manner. L. Suzio Concrete Co., Inc. v. Salafia,3 Conn. App. 404, 408, 488 A.2d 1280 (1985). The concern is "whether and to what extent the plaintiff is entitled to have the property of the defendant held in the custody of the law pending adjudication of the merits of that action." E.J. Hansen Elevator,Inc. v. Stoll, 167 Conn. 623, 629-30, 356 A.2d 893 (1975).
A valid defense may defeat probable cause. Roberts v. Caton,224 Conn. 483, 487 n. 4, 619 A.2d 844 (1993). A good defense, even one properly an affirmative defense, such as the running of the CT Page 5062 statute of limitations or infancy, can be enough to show that there is no probable cause. Augeri v. C.F. Wooding Co.,173 Conn. 426, 429 (1977).
The first and seventh counts of the plaintiff's proposed complaint allege causes of action conversion and civil conspiracy, respectively. Conversion[5] and civil conspiracy[6] are intentional torts and thus the three year statute of limitations prescribed by General Statutes § 52-577[7]
applies. See D'Occhio v. Connecticut Real Estate Commission,189 Conn. 162, 182, 455 A.2d 833 (1983) (statute of limitations for conversion is governed by the three years set forth in General Statutes § 52-577); Wedig v. Brinster, 1 Conn. App. 123, 136,469 A.2d 783 (1983), cert. denied, 192 Conn. 803 (1984) (civil conspiracy is governed by the three year statute of limitations as provided in General Statutes § 52-577). The proposed complaint alleges that these torts occurred on or about February 2, 1996, when Amy Estra liquidated the Prudential Mutual Fund accounts. The court finds that, based on the facts alleged in the proposed complaint and attested to in the plaintiff's affidavit, the causes of action for conversion and civil conspiracy accrued at the earliest, on February 2, 1996 and were timely through February 2, 1999. As the defendants acknowledge, the application for prejudgment remedy was commenced on October 31, 1998. Accordingly, because the present case was brought within the time provided for by General Statutes § 52-577, the court denies the defendants' motion to dismiss the plaintiff's application for prejudgment remedy based on the statute of limitations.
C. Compliance with Notice Requirement
The defendants next argue that the court should dismiss the plaintiff's application for prejudgment remedy because the plaintiff's application lacks a notice and claim form as required by General Statutes § 52-278c(e).[8] In response, the plaintiff argues that her application provided notice in accordance with § 52-278c(e). In support of her argument, the plaintiff provided the court with exhibits supporting her contention that she supplied the defendants with the requisite notice.
The defendants' argument that they received inadequate notice is without merit. The exhibits submitted by the plaintiff establish that the plaintiff served the defendants with the requisite form in compliance with § 52-278c(e). Moreover, the plaintiff has submitted the sheriff's return which provides that CT Page 5063 the sheriff served the original Notice of Application for Prejudgment Remedy/Claim for Hearing to Contest Application form on the defendants. Based on these exhibits, the court concludes that the defendants' received notice in accordance with General Statutes § 52-278c(e). Therefore, the court denies the defendants' motion to dismiss the plaintiff's application for prejudgment remedy.
Based on the foregoing, the court denies the defendants' motion to dismiss the plaintiff's application for prejudgment remedy.
NADEAU, J.