[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#110)
The plaintiff, Rose LaFlamme, brought a one-count complaint, dated November 12, 1998, for negligence against Joseph Dallessio, in his representative capacity as the executor of the Estate of Dominic Dallessio. The complaint alleges that on or about June 19, 1997, the plaintiff suffered a fall on the premises "owned, possessed and controlled" by the Estate of Dominic Dallessio. The plaintiff seeks to recover damages from the estate for the injuries she sustained. The defendant has moved for summary judgment on the ground that he was not in possession and control of the property at the time of the plaintiff's fall and therefore owed no duty to the plaintiff. The plaintiff argues in her opposition memorandum[1] that a genuine issue exists as to exactly who was in control of the premises at the time of the plaintiff's fall.
The standards that the court must apply in deciding a motion for summary judgment are well established. "Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v. Double A Transportation, Inc., CT Page 2382248 Conn. 21, 24, 727 A.2d 204 (1999).
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 384, 650 A.2d 153 (1994). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442, 446,476 A.2d 582 (1984). "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment [however] because the question is one of law." Pion v. Southern New EnglandTelephone Co., 44 Conn. App. 657, 660, 691 A.2d 1107 (1997).
The defendant first argues in his motion for summary judgment that the estate has no duty with respect to the property because title is immediately passed from the decedent to their heirs, bypassing both administrators and executors in Connecticut. SeeGallant v. Cavallaro, 50 Conn. App. 132, 137, 717 A.2d 283, cert. denied, 247 Conn. 936, 722 A.2d 1216 (1998). Therefore, the defendant argues, he, as the executor, owed no duty to the plaintiff.
The court agrees that the estate never had title to the property. See Goodman v. Bank of Boston Connecticut,27 Conn. App. 333, 341, 606 A.2d 994 (1992) "Upon the death of the owner of real estate, neither the executor nor the administrator holds title. Ryder v. Lyon, 85 Conn. 245, 252, 82 A. 573 (1912). Title immediately descends to the heirs or devisees of real estate, subject to the right of administration. O'Connor v. Chiascione,130 Conn. 304, 33 A.2d 336 (1943)." Id. The issue of who holds title, however, is irrelevant as "[l]iability for an injury due to defective premises does not depend on title, but on possession and control." Farlow v. Andrews Corp. , 154 Conn. 220, 225,224 A.2d 546 (1966).
The defendant submitted a Probate Decree (Exhibit D) as evidence that the plaintiff's mother, Mary Dallessio, and not the defendant, was the actual party in possession and control of the premises. The probate decree states that "[t]he petitioner, Mary V. Dallessio, shall have the use of the family car and marital home for one year from the date of death. The Executor shall maintain insurance on the car and shall fill the oil tank for the house using the assets of the estate. During this time, Mary V. Dallessio shall grant the Executor, upon reasonable notice by CT Page 2383 him, reasonable access to the house for the purposes of cleaning the house and listing the house with a broker for sale." (Exhibit D, p. 2.)
The plaintiff, in contrast, has asserted by way of affidavits that Mary Dallessio was merely a tenant and Joseph Dallessio was "responsible for the care and maintenance of the house. . . ." This statement, however, is insufficient to demonstrate a disputed issue of fact regarding the lack of possession and control by the defendant in his representative capacity as the executor of the estate. The probate decree did not give the executor possession or control of the premises, but merely granted the defendant access upon notice for limited purposes. The plaintiff has therefore failed to establish that a duty was owed by the defendant executor. Hence, the plaintiff cannot maintain an action in negligence. Accordingly, the defendant's motion for summary judgment is granted.
Hennessey, J.