KATHLEEN CARDILLO *v.* RICHARD A. CARDILLO, EXECUTOR (ESTATE OF EMIL J. CARDILLO)
(8503)

O'CONNELL, NORCOTT and LANDAU, Js.

Argued October 29, 1991—decision released March 31, 1992

*Paul E. Potanka,* for the appellant-appellee (defendant).

*John R. Caruso,* for the appellee-appellant (plaintiff).

O'CONNELL, J. This appeal and cross appeal arise from a dispute concerning the title to property owned by the plaintiff and Emil Cardillo (the decedent). The defendant, the executor of the decedent's estate, claims that the trial court improperly directed a jury verdict

for the plaintiff on the first count of the counterclaim.[1] The plaintiff's cross appeal claims that the trial court improperly directed verdicts for the defendant on the first and second counts of her complaint.[2] Because we hold that the trial court did not have jurisdiction over these claims, we need not consider the parties' claims.

The plaintiff and decedent intermarried on June 17, 1967, and on August 8, 1968, purchased a parcel of real estate in Torrington, taking title as joint tenants with right of survivorship. On December 21, 1979, the couple's marriage was dissolved by decree of the Superior Court in the judicial district of Litchfield. The decree ordered the plaintiff to convey her one-half interest in the real estate to the decedent in return for which the decedent was to pay the plaintiff $11,250. Pursuant to the decree, the plaintiff signed a deed quitclaiming her interest in the real estate to the defendant. Her attorney was to hold the deed until the decedent paid the full $11,250 awarded by the court.

On February 14, 1980, the decedent executed a will that left the residue of his estate to be divided evenly between his children and grandchildren from a prior marriage. A few months later, in May, 1980, the parties reconciled and resumed living together in the former marital home. Although the decedent had paid the plaintiff approximately $7500 under the decree,

---

[1] In the first count of the counterclaim, the defendant alleges that the plaintiff failed to convey title to the parties' real estate to him as executor of the decedent's estate by virtue of an executed quitclaim deed retained by the plaintiff's counsel and by virtue of the judgment of dissolution.

[2] In the first count of the plaintiff's complaint, she alleges that she and the decedent agreed to resume cohabitation after their dissolution upon condition that the decedent would transfer any right, title, and interest he held in the property to the plaintiff. She alleges that she relied on that agreement to her detriment and that the defendant has refused to honor her claim to the real estate.

In the second count of the plaintiff's complaint, she alleges that the decedent's failure to convey the real estate to her resulted in an unjust enrichment of the decedent and his heirs.

upon their subsequent reconciliation, the plaintiff deposited the bulk of that money into a joint account for the couple's use and the quitclaim deed remained in her attorney's possession. Neither party took any further action to enforce the judgment.

The decedent died on July 29, 1985, and his will was admitted to probate without objection. The plaintiff thereafter commenced this action seeking certain relief concerning title to the property and recompense for funeral expenses and other payments made on the decedent's behalf.[3] The defendant executor filed a counterclaim seeking conveyance to himself as executor of the estate of the plaintiff's share of the real estate and for other money allegedly owed by the plaintiff to the estate. The trial court directed a verdict in favor of the defendant on the counts of the complaint concerning the title to the property and directed verdicts for the plaintiff on the counts of the counterclaim concerning the property's title.[4] The effect of the trial court's action left the title to the real estate unchanged.

We begin our analysis by noting that the plaintiff brought this action against the executor of the estate of Emil J. Cardillo asking, inter alia, that the court enter a decree that she "owns the [property] in fee simple and that the decedent's estate has no estate, right, title, lien, or interest in said property." The executor, in his fiduciary capacity, was the sole named defendant. None of the devisees was a party to the action. Accordingly, the plaintiff's claim must fail.

---

[3] The plaintiff argues that this action was not an action to quiet title pursuant to General Statutes § 47-31 et seq. We agree, but reach no conclusion regarding whether such an action could be brought to clear up all doubts and disputes about this title.

[4] The trial court also directed a verdict in favor of the plaintiff on an allegation of undue influence. The jury reached a verdict in favor of the plaintiff on the remaining issue of whether the estate should reimburse the plaintiff for the debts of the decedent that she paid. These counts were not appealed.

It is fundamental jurisprudence that title to real estate vests immediately at death in a deceased's heirs, or in devisees upon the admission of the will to probate. *Satti* v. *Rago,* 186 Conn. 360, 365, 441 A.2d 615 (1982); *O'Connor* v. *Chiascione,* 130 Conn. 304, 306–308, 33 A.2d 336 (1943). The recording of a probate certificate of devise or descent is necessary only to perfect marketable title. That certificate furnishes evidence that the heir's or devisee's title is no longer in danger of being cut off by a probate sale to pay debts of the estate and also because it furnishes a record of who received the title. Such a probate certificate is not a muniment of title, however, but merely a guide or pointer for clarification of the record. *Hewitt* v. *Sanborn,* 103 Conn. 352, 374, 130 A. 472 (1925); G. Wilhelm, Connecticut Estate Practice, Settlement of Estates (1974) § 22; Connecticut Bar Association, Standards of Title § 13.1 (1980).[5] The fiduciary of the decedent's estate does not take title to the real estate; *Ryder* v. *Lyon,* 85 Conn. 245, 252, 82 A. 573 (1912); and a fiduciary has no right to interfere with the devolution of title unless the property is needed to satisfy claims against the estate. *Brill* v. *Ulrey,* 159 Conn. 371, 269 A.2d 262 (1970). There is no allegation here that the estate needed the property to pay claims. Accordingly, although the plaintiff is correct that the defendant executor has no title to the property, it is because of the principle of immediate devolution of title and not because of her arguments pertaining to alleged agreement with the deceased concerning the title after their reconciliation.

The plaintiff's claim for relief, which asked that the court enter a decree that the plaintiff own the property in fee simple, must fail for the same reason. It is

---

[5] The standards of title "establish the custom in the legal community . . . [but] are not controlling, contractually or otherwise." *Carter* v. *Girasuolo,* 34 Conn. Sup. 507, 510, 373 A.2d 560 (1976).

axiomatic that an action to determine title to real estate must include all parties in interest. See General Statutes § 47-31 (b); *Swenson* v. *Dittner,* 183 Conn. 289, 292, 439 A.2d 334 (1981). Because title had already vested in the devisees, it was not possible to determine the property's ownership in an action in which the devisees were not parties. The effect of declaring the plaintiff to be the sole owner in fee simple would be to deprive the devisees of their shares of title in an action in which they were not parties. That the devisees were aware of the proceeding and that some of them testified as witnesses is irrelevant. The devisees' rights to the property cannot be authoritatively determined where they were not joined. *Mihalczo* v. *Woodmont,* 175 Conn. 535, 400 A.2d 270 (1978). Accordingly, we conclude that those counts of the plaintiff's complaint that sought conveyance of the real estate to her should have been dismissed by the trial court.

We turn now to the counterclaim. The record discloses that the defendant, as executor of the estate, filed a counterclaim seeking to have the court compel the plaintiff to abide by the dissolution judgment[6] and the unrecorded quitclaim deed, and to transfer title to him. The estate is precluded, however, from bringing a counterclaim against the plaintiff's one-half interest in the real estate unless it alleged that the property was necessary to satisfy claims against the estate. *Brill* v. *Ulrey,* supra. Because such an allegation is lacking here, the defendant failed to state a cause of action properly. Having no interest in the real estate, the issues of his counterclaim seeking conveyance of the real estate must fail.

---

[6] We note that the balance of the $11,250 awarded to the plaintiff under the dissolution judgment was never paid. We therefore question whether the plaintiff had an obligation under the dissolution judgment to convey her interest to the decedent and now to his devisees.

Because we find that both the complaint and counterclaim were improperly brought before the trial court, we do not reach the issues raised by the parties in the challenges to the court's directed verdicts.

The judgment is reversed in part and the case is remanded with direction to dismiss counts one and two of the complaint and count one of the counterclaim.

In this opinion the other judges concurred.