[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON NOTION FOR SUMMARY JUDGMENT (NO. 101)
On April 24, 1995, the plaintiff, Eugenia L. Kiamos, filed a quiet title action concerning a parcel of property located at 226 Soundview Avenue in the town of Fairfield (the "property"). she complaint alleges that the plaintiff is the title holder and is in possession of the property. She further alleges that title passed to her by way of a certificate of devise from the Estate of Demetra Pappas recorded February 2, 1993 in Volume 1223, Page 129 of the Fairfield land records. The plaintiff alleges that Katie Stewart, as legal guardian for Benjamin R. Pappas, may also claim an interest in the property.
The relevant events preceding this action, as alleged in the complaint, can be summarized as follows: (1) Demetra Pappas, a former title holder of the property, conveyed the property to Angelica Pappas by way of a quitclaim deed dated and recorded April 19, 1990; (2) Angelica Pappas conveyed the property back to Demetra by way of a quitclaim deed dated and recorded October 25, 1990 at 11:07 a.m.; (3) also on October 25th, Demetra conveyed the property to Angelica by way of a deed recorded at 2:00 p. m. in which Demetra retained a life interest in the property. The latter deed contains the following notation: "THIS IS A CORRECTION TO THE DEED FILED 19 APRIL 1990 AND RECORDED IN THE DEED BOOK VOL 974 PAGE 161." The plaintiff alleges that any interest that Angelica Pappas owned in the property would have descended to Benjamin Pappas upon Angelica Pappas's death in 1991.
On September 11, 1995, the plaintiffs filed a motion for summary judgment accompanied by affidavits of John L. Pappas, the administrator of Angelica Pappas's estate, and James G. Englis, an attorney who claims to have expertise in the area of real estate title conveyancing, and certified copies of the relevant deeds. The plaintiff's motion is premised upon the contention that the October 25th deed from Demetra Pappas to Angelica Pappas is invalid because, in Connecticut, deeds that purport to correct earlier deeds by reducing the estate conveyed thereby are ineffective. As support for this contention, Attorney Englis, in CT Page 13037 his affidavit, makes reference to the Connecticut Bar Association Standards of Title (the "standards"). Englis refers specifically to standard 4.2, a copy of which is attached to his affidavit. That standard provides, in relevant part: "[a] grantor who has conveyed by an effective, unambiguous deed cannot by executing a subsequent deed, make a substantial change in the name of the grantee, decrease . . . the extent of the estate granted, impose a condition or limitation upon the interest granted or otherwise deviate from the first deed, even though the latter deed purports to correct or modify the former." The comment which follows the standard states: "[a] former owner, as is true of any other stranger to the title, cannot affect the title." Although "[t]he standards of title establish the custom in the legal community . . . [they] are not controlling, contractually or otherwise." Cardillo v. Cardillo, 27 Conn. App. 208, 212,605 A.2d 576 (1992).
Contrary to the plaintiff's position, standard 4.2 does not have any bearing upon the present case. The plaintiff has not provided any evidence as to which of the deeds executed on October 25th was executed first.[1] If the deed purporting to convey the property from Demetra to Angelica was executed first, regardless of the effect of standard 4.2, it was superseded by Angelica's conveyance to Demetra later the same day. Under this scenario, provided that the deed conveying the property from Angelica to Demetra is otherwise valid, under the facts as alleged, Demetra died owning the title to the property.
Alternatively, if the deed conveying the property from Angelica to Demetra was executed first, section 4.2 would not operate to invalidate the subsequent deed conveying the property back to Angelica because, at the time the subsequent deed was executed, Demetra held title to the property. The fact that a notation exists on the deed which explains that the deed was intended to correct a prior deed is immaterial; according to the principle annunciated in standard 4.2, the October 25th deed from Demetra to Angelica would only be invalid if it purported to decrease the estate granted by a prior deed. Because this scenario assumes that Angelica had already conveyed her interest in the property to Demetra before Demetra executed the October 25th deed, Demetra was not a stranger to the title, and her subsequent conveyance to Angelica did not decrease the extent of the estate granted by a prior deed. Rather, the October 25th deed to Angelica conveyed to Angelica a new estate in the property. CT Page 13038
In sum, it is clear that the current disposition of the title to the property depends upon which of the October 25th deeds was executed first. Because plaintiff has not provided the court with evidence of which deed was executed first, a genuine issue of material fact exists as to the disposition of the title. Accordingly, the plaintiff's motion for summary judgment is denied. See Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 103,639 A.2d 507 (1994).
WEST, J.