[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION, RE: MOTION TO STRIKE (#105)
FACTS
On November 3, 1995, the plaintiff, Stephen J. Kubish, filed a two count revised complaint against the defendant, Josephine F. Kubish, administratrix of the estate of John A. Kubish. The plaintiff alleges the following facts in his revised complaint. On March 2, 1965, the plaintiff and John A. Kubish purchased a parcel of land in the town of Goshen, Connecticut. Each party provided a portion of the required down-payment and became jointly and severally liable for payment of the mortgage. Thereafter, John Kubish made no payments on the mortgage or for any other expenses related to the property. John Kubish died on April 24, 1990. The plaintiff currently holds title to fifty percent of the property and seeks title to the remaining portion.
On January 3, 1996, the defendant filed a motion to strike CT Page 3601 the plaintiff's revised complaint for failure to include necessary parties and on the ground that the plaintiff's request for declaratory judgment was inappropriate. The defendant included a memorandum of law in support of her motion. The plaintiff filed an objection to the motion to strike, also accompanied by a memorandum of law.
A party may move to strike the plaintiff's complaint based on Practice Book § 152 "because of the absence of any necessary party. . . ." Bouchard v. People's Bank, 219 Conn. 465, 468
n. 3, 594 A.2d 1 (1991). "[A] party is `necessary' if its presence is `absolutely required in order to assure a fair and equitable trial.'" Biro v. Hill, 214 Conn. 1, 6, 570 A.2d 182
(1990), quoting Sturman v. Socha, 191 Conn. 1, 7, 463 A.2d 527
(1983).
Only where "their interests are separable from those of the parties before the court" can the court proceed to a decree without the unjoined parties. Biro v. Hill, supra, 214 Conn. 5-6. In considering "a motion to strike, [the court must] take the facts alleged in the complaint and construe them in a manner most favorable to the pleader." (Internal quotation marks omitted.)Forbes v. Ballaro, 31 Conn. App. 235, 238-39, 624 A.2d 389
(1993).
"Under Practice Book § 152, a motion to strike on the ground of the nonjoinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity and residence and must state his interest in the cause of action." Practice Book § 152; see alsoGeorge v. St. Ann's Church, 182 Conn. 322, 325, 438 A.2d 97
(1980). The defendant's motion gives the names and residences of the missing parties and states that they are interested as heirs of John Kubish's estate. The defendant has met this procedural requirement.
The defendant, relying in part on Cardillo v. Cardillo,27 Conn. App. 208, 605 A.2d 576 (1992), argues that the heirs to John Kubish's estate are necessary parties because title to the disputed land vested in them immediately upon John Kubish's death. The plaintiff contends that the defendant is the sole necessary party because title to the land is "subject to the right of administration of the estate, a power which rests with the administrator." Memorandum of Law in Support of Plaintiff's Objection to Defendant's Motion to Strike, 9. CT Page 3602
In Cardillo the court began by stating "the plaintiff brought [the] action against the executor of the estate . . . asking . . . that the court enter a decree that [the plaintiff] `owns the [property] in fee simple and that the decedent's estate has no estate, right, title, lien, or interest in said property.' The executor, in his fiduciary capacity, was the sole named defendant. None of the devisees was a party to the action. Accordingly, the plaintiff's claim must fail." Cardillo v.Cardillo, supra, 27 Conn. App. 211.
The court further stated: "It is axiomatic that an action to determine title to real estate must include all parties in interest. . . . Because title had already vested in the devisees, it was not possible to determine the property's ownership in an action in which the devisees were not parties.
The effect of declaring the plaintiff to be the sole owner in fee simple would be to deprive the devisees of their shares of title in an action in which they were not parties. That the devisees were aware of the proceeding . . . is irrelevant. The devisees' rights to the property cannot be authoritatively determined where they were not joined." (Citations omitted.) Id., 212-13. See Satti v. Rago, 186 Conn. 360, 365, 441 A.2d 615
(1982) (holding that title to real estate vests in heirs immediately upon death). The plaintiff's argument, in contrast, relies on two cases that are distinguishable from the facts of the present case and are insufficient to support the plaintiff's position. O'Conner v. Chiascione, 130 Conn. 304,307, 33 A.2d 336 (1943), addressed the propriety of a lease of real property by an executor, but nevertheless noted the significance of the heirs' interest in the land. The second case, Brill v. Ulrey, 159 Conn. 371, 375 (1970), addressed the issue of whether an executor could bring an action to quiet title. As stated in Cardillo, "the fiduciary of the decedent's estate does not take title to the real estate . . . and . . . has no right to interfere with the devolution of title unless the property is needed to satisfy claims against the estate." (Citations omitted.) Cardillo v. Cardillo, supra, 27 Conn. App. 212.
As held in Cardillo, the interests of the heirs to John Kubish's estate cannot be separated from the interests of those parties currently before the court. Furthermore, based onCardillo, the heirs are necessary parties and the defendant's motion to strike is, therefore, granted.[1]
CT Page 3603
PICKETT, J.