## ALISTAIR GEMMELL ET AL. *v.* DENNIS LEE ET AL.
### (15222)

Lavery, Landau and Spallone, Js.

Argued June 3—officially released August 20, 1996

*David A. Leff*, with whom, on the brief, was *William F. Dow III*, for the appellants (defendants).

*Michele R. Celentano*, with whom, on the brief, was *Morton J. Dimenstein*, for the appellees (plaintiffs).

LANDAU, J. The defendants[1] appeal from the judgment, rendered after a trial to the court, quieting and settling title as to the existence of a right-of-way over a parcel of real property. The defendants claim that the trial court improperly (1) concluded that the plaintiffs[2] owned an easement over Glen Road, (2) enjoined the defendants from encroaching on the disputed portions of that road, (3) concluded that the defendants had not acquired title to the disputed portions of the road by adverse possession, (4) concluded that the plaintiffs were not barred by the statute of limitations from asserting their claims, and (5) concluded that the defendants had not acquired an easement by prescription over the disputed portions of the road. The dispositive issue on appeal is whether the trial court had subject matter jurisdiction. Because we conclude that it lacked such jurisdiction, we do not reach the defendants' claims.

The plaintiffs are owners of real property at 846 Dogburn Road in Orange. Their deed describes their property as bounding a right-of-way and makes reference to a map filed in the land records of the town of Orange.

---

[1] The defendants are Dennis Lee, Valerie Lee, Thomas O'Donnell, Susan O'Donnell, Roy Somers, Joan Somers, Robert Lehet, Roberta H. Lehet, Stephen Hulbert and Barbara Hulbert.

[2] The plaintiffs are Alistair Gemmell and Dorothy Gemmell.

The map, dated 1929, shows a parcel of land owned by Mary Gracy and indicates a private road or right-of-way. Gracy conveyed to third parties parcels of land that border on the private road. She conveyed ownership of most of the property that borders the private road to the predecessors in interest of the defendants Robert Lehet, Roberta Lehet, Stephen Hulbert and Barbara Hulbert, but retained ownership of the remaining property. Rights of passage over the right-of-way were given to the defendants Thomas O'Donnell, Susan O'Donnell, Dennis Lee, Valerie Lee, Roy Somers and Joan Somers.

In 1992, the plaintiffs brought an action against the defendants to quiet title concerning their easement over a proposed road or private right-of-way known as Glen Road. Their complaint asserts that the defendants were interfering with their right to make use of the road and that the defendants were encroaching on the plaintiffs' property where the road ended in a parking area. After a trial to the court, the court rendered judgment for the plaintiffs and enjoined the defendants from interfering with the plaintiffs' use of Glen Road. The court also ordered the defendants to cease any encroachment on the plaintiffs' property. This appeal followed.[3]

Although Gracy's absence as a defendant was not raised in the trial court, we are not precluded from addressing the issue of whether her absence may implicate the subject matter jurisdiction of the trial court. See *Cardillo* v. *Cardillo*, 27 Conn. App. 208, 213, 605 A.2d 576 (1992) (counts of complaint seeking convey-

---

[3] On February 22, 1996, we denied the defendants' motion to dismiss this appeal. The defendants sought an order setting aside the trial court's judgment on the basis that the trial court lacked subject matter jurisdiction because Mary Gracy was not named as a defendant. Because this court has jurisdiction to determine whether the trial court had subject matter jurisdiction to hear the case, we denied the defendants' motion to dismiss. *Drake* v. *Planning & Zoning Commission*, 14 Conn. App. 583, 541 A.2d 1251 (1988).

ance of real estate should have been dismissed by trial court because all parties in interest were not parties to action). Moreover, the question of subject matter jurisdiction may be raised at any time. *Cohen* v. *Cohen*, 41 Conn. App. 163, 165, 674 A.2d 869 (1996).[4]

When the plaintiffs filed their complaint seeking judgment settling the title to the land in dispute, they invoked the remedy provided by General Statutes § 47-31. The statute required the plaintiffs to "name the person or persons who may claim such adverse estate or interest." Count one, paragraphs four and five, of the amended complaint, filed June 6, 1994, allege that "Mary E. Gracy was the predecessor in interest to the plaintiffs" and that "Mary E. Gracy conveyed the remainder of the land shown on [the] map reserving a right-of-way to herself, heirs and assigns over Glen Road."

"It is axiomatic that an action to determine title to real estate must include all parties in interest. See General Statutes 47-31 (b); *Swenson* v. *Dittner*, 183 Conn. 289, 292, 439 A.2d 334 (1981)." *Cardillo* v. *Cardillo*, supra, 27 Conn. App. 212–13. Here, the plaintiffs' claim for relief called for a full determination of the rights of the parties in the land and requested the court to enter a decree that the plaintiffs had a right-of-way over the fee owned, in part, by Gracy. Because Gracy was not named as a party to the action, it was not possible for the court fully to determine the plaintiffs' rights to the disputed right-of-way. As a person whose interests in real estate would be affected by the relief sought, Mary Gracy was an indispensable party. See *Goodman* v. *Bank of Boston Connecticut*, 27 Conn. App. 333, 341, 606 A.2d 994 (1992). We conclude, therefore, that the trial court should not have endeavored to determine the rights of the parties and settle the disputes regarding the title to the land in the absence of Gracy.

---

[4] On May 16, 1996, all parties were notified to be prepared to address the jurisdictional issue at oral argument.

The effect of declaring the plaintiffs to have a right-of-way over Gracy's real estate would be to deprive Gracy of her title in an action in which she was not a party. If we were to permit the judgment to stand, we would be creating a situation in which a title search would reveal that the plaintiffs have a right-of-way as to their neighbors, who also have a right-of-way, but not as to Gracy—the owner of the fee simple in the disputed property—because that issue was not decided. We will not condone such a circumstance.

At oral argument, the defendants asserted that the appeal should be dismissed. We disagree. Rather, we vacate the judgment of the trial court and remand this case with direction to include all record owners of the subject property as parties and to conduct further proceedings in accordance with this opinion. See *Mannweiler* v. *LaFlamme*, 232 Conn. 27, 31, 653 A.2d 168 (1995).[5]

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[5] While the *Mannweiler* case involves a declaratory judgment pursuant to Practice Book § 390 (d), and this appeal involves the quieting and settling of title in accordance with General Statutes § 47-31 (b), in this instance the distinction is without a difference. Although actions for declaratory judgments most often involve contract disputes, declaratory judgments also involve property rights. See, e.g., *Clinton* v. *Rogers Lake West Shores Assn., Inc.*, 40 Conn. App. 454, 671 A.2d 855 (1996).