[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This legal actions arose from a dispute between two neighbors. The plaintiff Charles Cilona seeks damages, costs, attorney's fees and a mandatory injunction against the defendant Mark Davis, claiming that the defendant unlawfully and without authority covered over the spring which is the plaintiff's sole source of water. In his complaint Cilona alleges CT Page 8846 that the water from the spring became contaminated and not potable. In his special defenses, Davis claims that he covered the spring with Cilona's consent and that Cilona has failed to mitigate damages.
The case proceeded to trial on May 24 and 25, 2000. Trial memoranda were submitted by both parties on June 26, 2000. The court commends both counsel on excellent advocacy.
At trial, the plaintiff testified and he called David Kurish, M.D., the director of health for the town of Sharon, Arthur Howland, a land surveyor and the defendant. The defendant called his wife, Richard Stone, owner of the Cornwall Water Company and Roger Straiton, a well driller. On rebuttal, the plaintiff called Guy Brister as a witness to a conversation between the defendant and plaintiff. The evidence for both sides included a number of photographs and other documents.
Based upon the probative and credible evidence, the court finds the following facts. The plaintiff is the owner of a parcel of land on Kent Road in Sharon, Connecticut. He has owned the property since 1971. The property directly north of the plaintiff's property is owned by Cornwall Auto Body, LLC. In June 1998, the defendant, who is the owner of Cornwall Auto Body, LLC, conveyed the property to the LLC.[1]
The water source for the plaintiff's property is a spring located off the plaintiff's property. The deed conveying the plaintiff's property to him, provides for "the right in and to a certain spring of water and the right to maintain and keep in repair a 3/8 inch pipe line conveying water from said spring to the house on said premises across land now or formerly of the aforesaid Edward T. Cartwright and now of Benjamin L. Stone." (Plaintiff's Ex. 32.)
While the plaintiff alleges and continues to claim that the spring is located on the defendant's property, the probative and credible evidence proves that it is not. In the deed conveying property to the defendant, the following language appears:
 SUBJECT TO the rights of maintaining a pipe from a spring across the same; as described in a deed from Robert N. Cochrane to Martin Jurith dated April 23, 1926 and recorded in Volume 48 Page 132 of the Sharon Land Records.
 By acceptance of this conveyance, the Grantee herein assumes and agrees to pay taxes due the Town of Sharon on the Grand List of October 1, 1978 and all subsequent taxes. CT Page 8847
 SUBJECT TO the right of Richard Stone, his heirs assigns and successors to install, repair and maintain a pipe across said land to enable him to use water from the spring closest to Route 7, which spring is the same spring utilized by Robert W. Cochrane and Martin Jurith located on said premises and located immediately adjacent to the premises herein conveyed.
(Emphasis added.) Plaintiff's Ex. 30.
In the deed conveying the property from the defendant to his LLC, the following language appears in schedule A attached to the deed:
 3.) The right of Richard Stone, his heirs, assigns and successors to install, repair and maintain a pipe across said land to enable him to use water from the spring closest to Route 7, which spring is the same spring utilized by Robert W. Cochrane and Martin Jurith located on said premises and located immediately adjacent to the subject premises.
(Emphasis added.) Plaintiff's Ex. 31. Finally, the defendant introduced a property survey of his property showing a "well" just north of the defendant's property line (Defendant's Ex. 1).
Because the court finds that the owner of the property upon which the spring is located is not the defendant or Cornwall Auto Body, LLC, it must address the claim raised by the defendant that it lacks subject matter jurisdiction. The defendant argues that because the owner of the spring, Richard L. Stone, is not a party to this action, it must be dismissed. He also notes that the uncontradicted and probative evidence is that Stone owns a residence on the same property as the spring and that the spring provides the sole source of water to that residence. The defendant thus concludes that Stone would be an indispensable party to this action. The cases the defendant relies for this proposition involve either declaratory judgment actions, Mannweiler v. LaFlamme, 232 Conn. 27 (1995) or quiet title actions, Cardillo v. Cardillo, 27 Conn. App. 208 (1992). Those cases do not apply here. See Raph v. Vogeler, 45 Conn. App. 56,60, cert. denied, 241 Conn. 920 (1997) (". . . unlike a declaratory judgment, an injunction can be issued even if otherwise necessary parties are not joined"). This action is a one court action for injunctive relief and damages. The court rejects the defendant's claim that it lacks subject matter jurisdiction.
It is undisputed, however, and found by the court, that the defendant CT Page 8848 did regrade the area around the spring and did cover the spring on or about April 28, 1999. It is also undisputed and found by the court that in December 1999, or early January 2000, the defendant uncovered the spring. Further, it is undisputed that the town of Sharon threatened legal action if the defendant did not remove the covering. Specifically, the director of public health for Sharon determined that the spring as covered by the defendant was in violation of the state health code. (Plaintiff's Ex. 28).
One of the principal factual disputes is whether the plaintiff consented to the defendant's April 1999 work on and around the spring. Based upon the probative and credible evidence, the court finds that while the defendant believed that the plaintiff consented to the work, the plaintiff did not consent with a full understanding of what the defendant was doing. In fact, the next day he requested that the defendant stop the work.
The other principal factual dispute is whether the water had coliform bacteria as a result of the covering of the spring. There was credible evidence that the water contained coliform after the spring of 1999. There was no evidence of test results prior to the covering of the spring. The plaintiff submitted photographs of murky water in his bathtub from December 1999, some eight months after the covering of the spring.
Turning first to the plaintiff's claim for damages, it is the plaintiff's burden to prove damages with reasonable certainty. ExpresswayAssociates II v. Friendly Ice Cream Corporation of Connecticut,218 Conn. 474, 476 (1991). The evidence presented as to damages included a bill for a water test, testimony as to the cost of bottled water, and lost wages for attending meetings. Because the court does not find that the plaintiff has proved these damages to a reasonable certainty as to amount nor that the plaintiff has proved that these damages are a result of the defendant's actions, it awards no damages.[2]
The plaintiff requests attorney's fees in this action. There is no statutory or contractual authorization for attorney's fees, so the plaintiff is requesting them as a component of punitive damages. Markeyv. Santangelo, 195 Conn. 76, 80 (1985). In order for the plaintiff to recover attorney's fees, he must allege and prove "a reckless indifference to the rights of others or an intentional and wanton violation of these rights." West Haven v. Hartford Ins. Co., 221 Conn. 149,160 (1992). Because the plaintiff has neither alleged nor proved either a reckless of intentional violation of his rights by the defendant, the court does not award attorney's fees.
The plaintiff seeks a mandatory injunction ordering the defendant to CT Page 8849 restore the spring to comply with the directive of the Director of Health for the town of Sharon and to comply with the health code. While granting an injunction rests within this court's discretion, the plaintiff must show that he would suffer irreparable harm and that he lacks an adequate remedy at law Harvey v. Daddona, 29 Conn. App. 369, 377 (1992). What the plaintiff has shown here is that the spring as it existed at the time of trial is not restored to a condition compliant with the town of Sharon's directive.[3] The natural contours around the spring need to be restored to dissipate the flow of surface water.
 The extraordinary nature of injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted. Although an absolute certainty is not required, it must appear that there is a substantial probability that but for the issuance of the injunction, the party seeking it will suffer irreparable harm.
Karis v. Alexandra, 179 Conn. 390, 402 (1980). The plaintiff has shown there is a substantial probability that without an injunction issuing, his sole source of water remains in a condition not in accord with the public health code as enforced by the town health director.
Accordingly, mandatory injunction issues as follows:
 The defendant is directed and ordered to comply with the directive of the Director of Health for the town of Sharon and bring the spring into compliance with the Health Code. Judgment may enter in favor of the plaintiff in accordance with this decision plus costs.
DiPentima, J.