[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (#112)
The defendants have brought an amended motion to discharge a mechanic's lien. The plaintiff herein is Santa Fuel, Inc., and the defendants are John J. Varga and American Home Mortgage. Santa Fuel is a corporate entity. duly licensed, which conducts many heating related activities.
According to the record, in January, 1999, the plaintiff removed an underground oil tank and soil from the property known as 171 Lloyd Drive, Fairfield, Connecticut. The plaintiff alleges that this work was performed pursuant to an agreement it had with the owner of the premises, Joseph W. Farrace. Santa did not have any direct relationship with Mr. Farrace. It's relationship was with purported agents of Mr. Farrace. The plaintiff claims that it owed $17,968.50 for its services and materials, an amount still due and owing and the subject of the mechanic's lien.
On or about February 9, 1999, Joseph W. Farrace, died, testate leaving two daughters. Jacquelyn Skultety and Mary Peddle. The decedent's will, admitted to probate on March 2, 1999, provides that Ms. Skultety is the executrix of the estate. (Defendants' Exhibit A.) The decedent's will provides, in pertinent part. Article IV. I give, devise and bequeath the residue of my estate. both real and personal. of whatever kind, however held and wherever situated, to my descendants who survive me, per stirpes." On or about April 22, 1999, Skultety, as executrix, conveyed title to the property at 171 Lloyd Drive to John J. Varga, by way of an executor's deed. (Plaintiff's Exhibit 6.) In addition, Skultety, as executrix, signed an indemnification agreement providing that she would defend any lawsuit brought by the plaintiff seeking to foreclose on the lien and pay any judgements rendered thereon in favor of the plaintiff. (Plaintiff's Exhibit 7.) Due to the pendency of the lien, the estate remains open.
On or about April 8, 1999, the plaintiff filed a certificate of mechanic's lien with the town clerk of the town of Fairfield. On or about CT Page 7113 April 13, 1999, the plaintiff served a copy of the certificate on Skultety, in her capacity as executrix of the estate of Joseph W. Farrace. With a return date of May 9, 2000, the plaintiff filed an action to foreclose its alleged mechanic's lien. The defendant filed an amended three count motion to discharge lien on November 6, 2000. (#112)[1] The plaintiff filed an Objection to the Motion to Discharge (#117) on February 28, 2001. The court heard oral arguments and testimony in relation to the Motion to Discharge at short calendar on February 5, 2001, and ruled on the record. denying the motion as to Counts One and Three. The court reserved its decision as to Count Two pending further research. In Count Two. the defendants assert that the lien should be discharged because the plaintiff failed to serve all owners of the property. The defendants argue that. as of the date of Joseph W. Farrace's death. title to the property vested in both Skultety and Peddle and the plaintiff was required to serve them both in their capacities as owners. The plaintiff argues that Skultety was the proper party to serve because she was the executrix of the property and sold the property in that capacity.
 DISCUSSION
The mechanic's lien statute "creates a statutory [right] in derogation of common law . . ." Camputaro v. Stuart Hardwood Corp., 180 Conn. 545,550, 429 A.2d 796 (1980). "Because the mechanic's lien is a creature of statute. a lienor must comply with statutory requirements in order to perfect his claim. . . . Provisions of mechanic's lien law should be liberally construed so as to reasonably and fairly implement its remedial intent." (Citations omitted.) HS Torrington Associates v. LutzEngineering Co., 185 Conn. 549, 553, 441 A.2d 171 (1981). "[Its] interpretation, however. may not depart from reasonable compliance with the specific terms of the statute under the guise of a liberal construction." Ceci Bros., Inc. v. Five Twenty-One Corp.,51 Conn. App. 773, 777, 724 A.2d 541 (1999).
General Statutes § 49-34 provides, in pertinent part. that a mechanics lien is not valid unless . . . "a true and attested copy of the certificate is served upon the owner of the building, lot or plot of land in the same manner as provided for the service of the notice in section49-35 . . ." General Statutes § 49-35 provides that service on the owner shall be made "by any indifferent person, [marshal, f/k/a sheriff] or other proper officer. by leaving with such owner . . . or at his usual place of abode a true and attested copy thereof . . . When there are two or more owners . . . the notice shall be so served on each owner. . . ." The Connecticut Supreme Court has stated that, when we have construed owner' in the context of real estate, we have defined the term with reference to title. When we say. a man has the title to . . . [property], we mean, he is the owner of it:. . . ." Warner v.CT Page 7114Leslie-Elliot Constructors, Inc., 194 Conn. 129, 137, 479 A.2d 231
(1984). Ownership is an essential incident of title and the commonly approved of the language . . . an owner is one that owns: one that has the legal or rightful title whether the possessor or not. [Webster's] Third New International Dictionary." (Internal quotation marks omitted.) Lunnv. Cummings Lockwood, 56 Conn. App. 363, 372, 743 A.2d 653 (2000).
"[P]rocedural due process requires that any and all property owners must be given notice of the mechanic's lien or the lien, in its entirety. will be rendered void.' Milone MacBroom, Inc. v. Bysiewicz,
Superior Court, judicial district of Middlesex. Docket No. 068807 (July 15, 1993, Higgins, J.). The notice requirement of § 49-34 is "intended to protect the due process rights of property owners who would not otherwise have actual notice of the recorded lien." HS TorringtonAssociates v. Lutz Engineering Co., supra. 554.
In Papa v. Greenwich Green, Inc., 177 Conn. 295, 416 A.2d 1196 (1979). the plaintiff general contractor sought to foreclose on a mechanic's lien on property on which it constructed sixty three condominium units. When construction of said units was completed. "the [plaintiff) filed a certificate of mechanic's lien with the town clerk of Greenwich and served a copy of the certificate upon the [defendant] developer. . . . No service of this certificate was made. however, upon the thirty-one defendant unit owners." Id, 296. In finding that the trial court properly discharged the lien because the certificate was not served on the defendant unit owners, the court reasoned that "at the time of conveyance of a condominium unit. each unit owner, along with the developer . . . became the owner of an undivided interest in the property on which the [plaintiff) sought to impose a lien and eventually foreclose.' Id, 302. Thus, the court held that § 49-34 requires that all owners "who acquired an ownership interest before the recording of the mechanic's lien." must be served with a certificate of lien. Id. 303; see alsoKababik v. Hydraulic Repair Co., Inc., Superior Court, judicial district of Ansonia — Milford at Miltbrd, Docket No. 039756 (September 3, 1992, McGrath, J.) (where property is owned jointly, all joint owners must be served with notice of recording of lien because each owner has an undivided interest in the property); Diversified Floors, Inc. v. Shaw,
Superior Court. judicial district of Hartford-New Britain at Hartford, Docket No. 503291 (April 13, 1993, Satter, J.) (all joint owners of a property must be provided with notice of recording of lien.) "While an error in the property description, or other scrivener's errors may not necessarily be fatal to the lien, a failure to comply with the statutory requirements of service deprives the court of jurisdiction. Proper service is a fundamental and mandatory requisite going to the matter of jurisdiction and is not a mere mistake which can be overlooked." Nadeauv. Bagley, Superior Court, judicial district of Tolland at Rockville, CT Page 7115 Docket No. 354613 (September 12, 1994, Klaczak, J.). The requirement "that all owners of property subject to the mechanic's lien be served is not mere mechanical compliance with the statute but [serves] an important purpose. . . . [and that] purpose is to protect the redemption rights of subsequent encumbrancers. . . . If, as here, all owners of the property subject to the lien are not notified and made parties in the foreclosure proceedings. a subsequent encumbrancer. redeeming in order to protect his encumbrance from being foreclosed, would have to pay the full amount of the mechanic's lien and succeed to only the partial property interest of the joint owner served. This is unfair. . . . The statutory requirement that all owners of property subject to the mechanic's lien be served corrects this unfair result by assuring the redeeming subsequent encumbrancer gets full title to the entire interest in the property."Diversified Floors, Inc. v. Shaw, Superior Court, supra. Docket No. 503291.
In the present case. the plaintiff filed the lien on April 8, 1999, and subsequently. on April 13, 1999, served the same upon Skultety. At that time, however, the property was subject to proceedings in probate court, had not yet been sold to Varga. and was still owned by Skultety and Peddle.[2] "It is fundamental jurisprudence that title to real estate vests immediately at death in a deceased's heirs. or in devisees upon the admission of the will to probate." Cardillo v. Cardillo, 27 Conn. App. 208,212, 605 A.2d 576 (1992). "The fiduciary of the decedent's estate does not take title to the real estate: Ryder v. Lyon, 85 Conn. 245, 252,82 A. 573 (1912): and a fiduciary has no right to interfere with the devolution of title unless the property is needed to satisfy claims against the estate. Brill v. Ulrey, 159 Conn. 371, 269 A.2d 262 (1970)." Id. Accordingly. under Article IV of the will or by operation of law, Skultety and Peddle held title to and were the owners of the property. As such, under the terms of General Statutes §§ 49-34 and 49-35, the plaintiff was required to serve both Skultety and Peddle. Its service on Skultety in her capacity as executrix was not sufficient because Skultety, as executrix, was merely in possession. care and control of the subject property. The plaintiffs failure to follow the statutory requirements and serve all owners of the property is a fatal defect that makes the lien invalid. Thus. the service under § 49-34 was not sufficient and the lien should. ordinarily. be discharged.
As to the issue of how the plaintiff could have determined who the owner or owners of the property were. as of the date of the decedent's death. General Statutes § 45a-322 (a) provides that "The fiduciary of the estate of any deceased person who at the time of his death was the owner of any real property situated in this state or any interest in or mortgage or lien upon real property so situated shall, within two months after becoming qualified to act. lodge, with the town clerk of each town CT Page 7116 in which such real property is situated, his certificate in writing. stating the fact and date of the death of the decedent. the place where he last dwelt and whether the decedent left a will. Such certificate shall be recorded in the land records of such town." In addition. General Statutes § 45a-354. Notice to Creditors, provides "(a) The Court of Probate shall cause newspaper notice to be published at least once notifying all persons having claims to present their claims to the fiduciary. Newspaper notice shall be made within fourteen days after the appointment of the first fiduciary. Such notice shall state: (1) The name of the fiduciary and the address at which claims should be presented: (2) that persons with claims should promptly present those claims to the fiduciary; and (3) that failure to promptly present any such claim may result in the loss of rights to recover on such claim."
Here, the record is devoid of any evidence that Skultety, as fiduciary, filed a certificate as required by § 45a-322 (a) or that the probate court published notice pursuant to § 45a-354. Thus the defendants have clearly failed to meet the burden to demonstrate the appropriateness of the Motion to Discharge the lien.
The court cannot and will not assume facts not proven. The courtcannot and will not leave the bench to prove the claims of the movant.
DANIEL E. BRENNAN, JR., J.