### LEONARD W. BYRD *v.* BECHTEL/FUSCO ET AL.
(AC 25686)

Bishop, McLachlan and West, Js.

_____

Argued March 24—officially released August 9, 2005

*Leonard W. Byrd,* pro se, the appellant (plaintiff).

*David C. Davis,* for the appellees (named defendant et al.).

*Michael C. Harrington,* for the appellee (defendant Concentra Integrated Services, Inc.).

*Opinion*

BISHOP, J. The pro se plaintiff, Leonard W. Byrd, appeals from the decision of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner (commissioner) in favor of the defendants.[1] On appeal, the plaintiff

---

[1] The plaintiff named the following parties as defendants: Concentra Integrated Services, Inc., Sterling Administrative Services, Inc., Bechtel/Fusco, Kemper Insurance Group, the University of Connecticut, Accordia, Inc., Michael C. Harrington and David C. Davis.

claims that he was improperly denied a hearing on claims he made to the commissioner regarding the managed care plan administered by the defendant Concentra Integrated Services, Inc. (Concentra).[2]

The following facts and procedural history are relevant to our discussion of the plaintiff's claims. On February 7, 2000, the plaintiff sustained a compensable injury to his right ankle while working for the defendant Bechtel/Fusco on site at a construction project at the University of Connecticut. Over the next several months, the plaintiff received treatment for his ankle, including three surgeries. In August, 2000, the plaintiff began experiencing pain in his back. After the plaintiff received physical therapy for his back, Sterling Administrative Services, Inc. (Sterling), the third party administrator, inquired as to whether the back pain was related to the covered ankle injury. On January 3, 2001, Sterling contacted the plaintiff's physical therapist and instructed the therapist to continue to care for the plaintiff's ankle injury and to cease care for his back. The plaintiff sought review of the denial of the care to his back. Concentra, which at that time was serving as the administrator of the managed care plan, determined that physical therapy for the plaintiff's back was not related to his injured ankle. The record reflects that the plaintiff thereafter wrote to the chairman of the workers' compensation commission on February 22, March 20 and May 4, 2001, requesting that the chairman review the managed care plan. The chairman denied the plaintiff's request on each occasion.

On February 19, 2003, the commissioner, Donald H. Doyle, Jr., conducted a formal hearing regarding the plaintiff's claims. At the hearing, the plaintiff sought a

[2] The plaintiff also requests that the case be referred to either this court or the Supreme Court under General Statutes § 31-324. That request is inappropriate because the board has already made its determination.

review of the entire utilization review process of the managed care plan administered by Concentra. On the basis of the plaintiff's allegations, the commissioner ordered the parties to submit briefs on the question of whether he had jurisdiction to conduct the inquiry requested by the plaintiff. The commissioner then bifurcated the hearing to consider separately whether the plaintiff's back injury was compensable and whether the commissioner had jurisdiction to investigate the managed care plan.[3] After the parties submitted briefs on the jurisdiction issues in April, 2003, the commissioner determined that he did not have jurisdiction to adjudicate the plaintiff's claims regarding the managed care plan. The plaintiff then appealed to the board, which affirmed the decision of the commissioner. This appeal followed.

On appeal, the plaintiff claims that the commissioner improperly ruled that he did not have jurisdiction over his allegations regarding the managed care plan. Essentially, the plaintiff claims that the commissioner had jurisdiction to assess the plan's utilization review process and that by declining to provide the plaintiff a hearing on his allegations regarding the plan, the commissioner denied him due process of law.

Initially, we review whether the commissioner had jurisdiction over the plaintiff's claims. "We have previously observed that the workers' compensation commission, like any administrative body, must act strictly within its statutory authority . . . . It cannot modify, abridge, or otherwise change the statutory provisions under which it acquires authority unless the statutes expressly grant it that power. . . . [I]t is settled law that the commissioner's jurisdiction is confined by the [Workers' Compensation Act (act), General Statutes

---

[3] The issue of whether the plaintiff's care was properly denied is not before this court.

§ 31-275 et seq.] and limited by its provisions. . . . The commissioner exercises jurisdiction only under the precise circumstances and in the manner particularly prescribed by the enabling legislation. . . . The parties cannot confer jurisdiction upon the commissioner by agreement, waiver or conduct. . . . The [act] is not triggered by a claimant until he brings himself within its statutory ambit. . . . Although the [act] should be broadly construed to accomplish its humanitarian purpose . . . its remedial purpose cannot transcend its statutorily defined jurisdictional boundaries." (Internal quotation marks omitted.) *Nationwide Mutual Ins. Co.* v. *Allen*, 83 Conn. App. 526, 532, 850 A.2d 1047, cert. denied, 271 Conn. 907, 859 A.2d 562 (2004).

If jurisdiction exists for the commissioner to review the managed care plan, such authority must be found within the act. Consequently, our review is plenary. In order to determine whether the commissioner had jurisdiction, we analyze the legislation, particularly General Statutes § 31-278,[4] which outlines the authority of the commissioner. "It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and [the compensation] review board. . . . However, [w]e have determined . . . that the traditional deference accorded to an agency's interpretation of a statutory term is unwarranted when the construction of a statute . . . has not previously been subjected to judicial scrutiny [or to] . . . a governmental agency's time-tested interpretation . . . ." (Citation omitted; internal quotation marks omitted.) *Donahue* v. *Southington*, 259 Conn. 783, 787,

---

[4] General Statutes § 31-278 provides in relevant part: "Each commissioner . . . shall have power to certify to official acts and shall have all powers necessary to enable him to perform the duties imposed upon him by the provisions of this chapter. Each commissioner shall hear all claims and questions arising under this chapter in the district to which the commissioner is assigned . . . ."

792 A.2d 76 (2002). Because we agree with the board that the plaintiff's claim presents an issue of first impression, we do not grant the deference ordinarily afforded to the commission's determination.

In his memorandum of decision dated April 3, 2002, the commissioner ruled that he did not have jurisdiction to hear the plaintiff's claims regarding the managed care plan. The commissioner held that the chairman had the authority to approve or disapprove the medical care plans and that this power equates to a license under General Statutes § 4-166 (6) of the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq. Additionally, the commissioner urged the plaintiff to petition the chairman to review his claims. After the commissioner's ruling, the plaintiff appealed the decision to the board, which affirmed the commissioner's decision. The board held that the chairman's powers to review and approve medical care plans under General Statutes §§ 31-279 (d)[5] and 31-280 (12)[6]

___

[5] General Statutes § 31-279 (d) provides: "Each plan established under subsection (c) of this section shall be submitted to the chairman for his approval at least one hundred twenty days before the proposed effective date of the plan and each approved plan, along with any proposed changes therein, shall be resubmitted to the chairman every two years thereafter for reapproval. The chairman shall approve or disapprove such plans on the basis of standards established by the chairman in consultation with a medical advisory panel appointed by the chairman. Such standards shall include, but not be limited to: (1) The ability of the plan to provide all medical and health care services that may be required under this chapter in a manner that is timely, effective and convenient for the employees; (2) the inclusion in the plan of all categories of medical service and of an adequate number of providers of each type of medical service in accessible locations to ensure that employees are given an adequate choice of providers; (3) the provision in the plan for appropriate financial incentives to reduce service costs and utilization without a reduction in the quality of service; (4) the inclusion in the plan of fee screening, peer review, service utilization review and dispute resolution procedures designed to prevent inappropriate or excessive treatment; and (5) the inclusion in the plan of a procedure by which information on medical and health care service costs and utilization will be reported to the chairman in order for him to determine the effectiveness of the plan."

[6] General Statutes § 31-280 (b) provides in relevant part: "The chairman of the Workers' Compensation Commission shall . . . (12) Approve applica-

necessarily provided the chairman with exclusive review over the manner in which medical care plans are operated.[7] Additionally, in affirming the commission's decision, the board noted the absence of any specific provision granting commissioners the right to review medical care plans.

On appeal, the plaintiff relies on the language found in § 31-278 that "[e]ach commissioner shall hear all claims and questions arising under this chapter . . . ." The plaintiff's reliance is misplaced. In reviewing the language of the statute, we follow our Supreme Court's interpretation of the statute in *Stickney* v. *Sunlight Construction, Inc.*, 248 Conn. 754, 762, 730 A.2d 630 (1999): "The primary statutory provision establishing the subject matter jurisdiction of the commission is General Statutes (Rev. to 1991) § 31-278. . . . A plain reading of this language suggests that the commissioner's subject matter jurisdiction is limited to adjudicating claims arising under the act, that is, *claims by an injured employee seeking compensation from his employer for injuries arising out of and in the course of employment.*"[8] (Emphasis added.) Our Supreme

tions for employer-sponsored medical care plans based on standards developed in consultation with a medical advisory panel as provided in section 31-279 . . . ."

[7] To the extent that the chairman informed the plaintiff that he did not have authority to review the plan, he was incorrect because such authority existed under General Statutes §§ 31-280 and 31-326. Under those statutes, the chairman is able to make findings regarding whether insurance companies and their administrators are complying with the requirements of the law, including the requirements for managed care plans set forth in General Statutes § 31-279 and in § 31-279-10 of the Regulations of Connecticut State Agencies. In the record provided, we note that the plaintiff requested that the chairman make findings regarding the plan and refer the case to the insurance commissioner. The record before us does not disclose whether the chairman responded, substantively, to the plaintiff's request.

[8] The statutory language conferring jurisdiction to the commissioner, as cited in *Stickney*, has been amended, but the amendments do not alter the interpretation we rely on in this opinion. Prior to Public Acts 1991, No. 91-339, § 4, General Statutes (Rev. to 1991) § 31-278 provided in relevant part that "each [commissioner] shall have jurisdiction of all claims and questions

Court has additionally concluded that "for a commissioner to have jurisdiction over a claim, that claim must fit within the existing jurisdictional provisions of [the act]. In other words, for the purposes of jurisdiction, every cognizable claim must be considered as stemming from either an accident or an occupational disease as those terms are used in [the act]." (Internal quotation marks omitted.) *Del Toro* v. *Stamford*, 270 Conn. 532, 545–46, 853 A.2d 95 (2004).

On that basis, we conclude that although the commissioner has jurisdiction over claims for compensation resulting from injuries covered by the act, the commissioner does not have jurisdiction to hear the plaintiff's claims regarding alleged improprieties in the administration of the managed care plan.[9]

The plaintiff finally argues that he was entitled to a hearing pursuant to the UAPA in regard to his request for a review of the activities of Concentra.[10] That claim is unavailing because General Statutes § 4-186 (c) provides that the workers' compensation commissioner is exempt from the provisions of General Statutes § 4-177, which provides for a hearing in contested cases.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.

arising in such district under this chapter . . . ." As noted, the current statute provides in relevant part: "Each commissioner shall hear all claims and questions arising under this chapter . . . ." General Statutes § 31-278.

[9] Having concluded that the commission did not have jurisdiction over the plaintiff's claims regarding the managed care plan, we need not reach his due process claims. See *Gemmel* v. *Lee*, 42 Conn. App. 682, 684, 680 A.2d 346 (1996) (declining to reach defendants' claims after determining trial court did not have subject matter jurisdiction to hear any of the claims).

[10] The plaintiff argues that he was denied a hearing under the federal Administrative Procedure Act, 5 U.S.C. § 500 et seq. That act applies only to agencies of the government of the United States and therefore does not apply in this case. See 5 U.S.C. § 551 et seq. Accordingly, we will review the plaintiff's claim only under the UAPA, which has been adopted in this state.